## STARK *v.* BARRETT *et al.*

AFTER notice of exception to the sufficiency of the sureties on an undertaking on appeal to the Supreme Court, they cannot justify without notice to the adverse party; and in this case, the justification being made without notice, the appeal was ordered to be dismissed, unless appellants, within ten days, file a new undertaking, and the sureties thereon justify upon notice to the respondent.

In ejectment, a variance between the alleged seizin and right of possession of plaintiff, and the date of the conveyance to him, is immaterial, if the latter be previous to the commencement of the action.   Right of possession in plaintiff, and occupation by defendant at that time, are sufficient.

The date at which plaintiff's right accrued, or defendant's occupation began, are material only with reference to the claim for mesne profits.

24

Stark *v.* Barrett.

A patent is conclusive evidence of the existence, validity and confirmation of the grant which it recites, as against the United States, and persons claiming under the U. S. by title subsequent.

The patent is the last act of a series of proceedings taken for the recognition and confirmation of the patentee's right to the land it embraces, the first of which is the petition to the Board of Land Commissioners. With reference to such proceedings, the patent takes effect, by relation, at the date of the first act. As the deed of the United States, it is to be regarded as if it had been executed at that time. It operates as an absolute bar to all claims under the United States arising subsequent to the petition.

The patent establishes the title of the patentee, from the date of the grant; the character of such title depending, up to the issuance of the patent, upon the nature of the grant, and the proceedings of the former government in relation thereto; whether the grant were of a specific tract segregated from other land by defined boundaries; or whether the grant were of a certain quantity of land lying in a larger tract, and in the latter case, whether juridical possession had been given to the grantee.

Conveyances by the grantee previous to the patent, pass only his right under the grant. But the patent establishes the validity of all properly executed intermediate transfers of the grantee's interest.

Even if it were necessary, as against trespassers, to establish the existence and validity of the grant, the recitals in the patent are of themselves sufficient evidence for that purpose.

Though mere trespassers on land within the calls of a patent, are strangers to the proceedings of the former or present government, still they are strangers against whom the recitals in the patent are conclusive. They are strangers to the *premises.* To entitle themselves to any consideration, they must show some title or color and claim of title, and having in this way connected themselves with the premises, they would be strangers against whom the recitals could not operate, according as their title is derived from a paramount source, or is anterior in time from the same grantor, or has been the foundation of an adverse possession.

One joint tenant, or tenant in common of land, may convey his interest in a particular portion of the land described by specific metes and bounds, but the grantee takes subject to the cotenant's right of partition of the whole tract. The grantee's title is good against his grantor and all persons except the cotenant.

The right of partition existing in the cotenant, may be exercised at any time, and may result in the loss to the grantee of the particular parcel conveyed to him.

Until such partition, the grantee is entitled to the use and possession as cotenant, in such parcel, with the other owners.

Such grantee, though seized in fee of only an undivided interest in the particular parcel of land, may recover in ejectment the whole of that parcel, as against all persons except the original cotenant and his grantees. He is entitled to the possession of the entire premises as against all other parties.

Under an allegation of seizin in fee of the premises, plaintiff may recover, if he show any interest entitling him to possession.

Stark *v.* Barrett.

A certificate of acknowledgment to a deed, with the private seal of the Notary, dated September 23d, 1852, is good under the statute then in force.

In ejectment, the Court, having admitted in evidence, as sufficiently proven, the mesne conveyances through which plaintiff traced title—the defendants being mere trespassers—charged the jury that "the written evidence of title, together with the admissions of the parties, authorized them to find for plaintiff, since the execution of the papers had been passed upon by the Court;" *Held,* to be no objection to this instruction that it does not leave the execution and delivery of the conveyances to the jury; that the sufficiency of their execution was a matter addressed solely to the Court, and that no question being raised during the trial as to their delivery, and no evidence being offered to rebut the presumption of delivery arising from their possession by plaintiff—the instruction amounted only to an announcement of the law as to the effect of the conveyances, and of the admission of the defendants.

*Held,* further, that if it had been objected to this instruction that it took from the jury the question of damages for rents and profits, the objection would have been tenable; but that, no such objection being taken, the point must be regarded as waived, although the jury awarded such damages.

APPEAL from the Seventh District.

The answer was a general denial, and an averrment that the land was public land, on which defendants had settled under the preëmption laws of the United States. The facts of the case sufficiently appear in the opinion of the Court. Verdict for plaintiff for the whole premises, judgment accordingly, and defendants appeal.

*John Wilson,* for Appellants, argued—1st. That the recitals in the patent were not evidence against defendants, but that plaintiff must prove, in connection with this patent, the existence of the grant, confirmation and survey; (Act of 1851, sec. 15) that the possession of defendants under the preëmption laws of the United States raised a presumption of title, and, as the patent could only raise an equal presumption in favor of plaintiff, he could not recover. (9 How. 314; 15 Pet. 401; 1 Tenn. 49, 243, 308; 1 Yerger, 83, 360.) 2d. That the deed of Vaca, as one tenant in common, of a specific parcel of the land, is void as transferring title; and that, hence, plaintiff being compelled to show title, could not recover. (9 Mass. 34; 12 Id. 348; 13 Id. 57; 5 Cow. 363; 4 Id. 515; 2 Id. 243, 244; 24 Maine, 484; 27 Id. 515; 25 Id.; 9 Vt. 138; *Jeffres* v. *Radcliff,* 10 N. H.; 1 H. & J. Md. 100; 9 Ohio, 126.) The other points made, sufficiently appear in the opinion.

*Whitman & Wells,* for Respondent, to the point, that the deed of one joint tenant is not void, but good against all persons, except the coten-

ant or those claiming under him, cited—1 Hilliard on Real Property, chap. 54, secs. 37–47; *Varnum* v. *Abbott*, 12 Mass. 474; and contended that the defendants were mere intruders, and cannot make the objection.

Respondent moved, at the April term, to dismiss the appeal, on the ground stated in the following opinion of the Court, delivered by FIELD, C. J.—BALDWIN, J. and COPE, J. concurring.

This is a motion to dismiss the appeal, on the ground that the sureties on the undertaking failed to justify, after notice of exception to their sufficiency. The attempted justification was made without notice to the adverse party, and cannot avail as an answer to the motion. The statute in terms requires the justification to be made upon such notice, and its object is to afford the adverse party an opportunity to test, by personal examination, the responsibility of the sureties. (Prac. Act, sec. 355, as amended in 1854.)

The motion must be granted, unless the appellants, within ten days, file a new undertaking, and the sureties thereon justify upon notice to the respondent, and unless the appellants also stipulate to submit the case on briefs within twenty days.

Ordered accordingly.

The appellants having filed a new undertaking, and submitted the case on its merits on briefs, FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. concurring.

This is an action of ejectment to recover the possession of a tract of land, consisting of one hundred and six acres and twenty-six hundredths of an acre, situated in Solano county, and was commenced in August, 1859. The complaint alleges that the plaintiff was seized of the premises, and entitled to the possession on the first of January, 1857. On the trial, he gave in evidence a patent of the United States for ten square leagues of land, bearing date on the fourth of June, 1858, issued to Juan Manuel Vaca, and Juan Felipe Pena, which purports to be issued upon the confirmation of the claim of the patentees to the land under a Mexican grant, and recites the issuance of the grant by the former Governor of California, Pio Pico, on the thirtieth of July, 1845, and its confirmation by the Departmental Assembly on the first of October following, the presentation of the claim thereunder to the Land Commission and its decree of rejection, the reversal of the decree

Stark *v.* Barrett.

by the District Court of the United States, and the subsequent affirmance of the judgment of that Court by the Supreme Court of the United States.   The plaintiff then traced his title by sundry mesne conveyances from Vaca, one of the patentees.   The conveyance from Vaca was executed on the fifteenth of December, 1848, and purports to convey all his right, title and interest in a tract containing fifteen hundred acres, described by metes and bounds, being a part of the land granted to him by the Mexican Government.   The premises in controversy are covered by this conveyance, and are included within the calls of the patent.   The defendants were in their occupation at the commencement of the action, and the title of the plaintiff accrued on the twenty-second of May, 1858, that being the date of the conveyance to him.

To the introduction of the patent, without accompanying proof of the facts stated in its recitals, the defendants objected, but the Court below overruled the objection, and its ruling in this respect constitutes the first ground of the appeal.   To the introduction of the conveyance from Vaca, the defendants objected, insisting that being of a parcel, with specific metes and bounds, of the general tract held by him as tenant in common with Pena, it was void, and passed no title to the grantee, but the Court overruled the objection, and the ruling on this point forms the second ground of appeal.   One of the intermediate conveyances was introduced without proof of its execution, except as furnished by the certificate of acknowledgment, to which the Notary attached his private seal, stating that he had no notarial seal.   To the sufficiency of the certificate for the want of an official seal, the defendants objected, but the Court below held the objection untenable, and its ruling is the third ground of the appeal.   No proof was offered by the defendants on the trial, and the Court instructed the jury that the written evidence of title, together with the admissions of the parties, authorized them to find for the plaintiff, as the execution of the papers had been passed upon by the Court, and this instruction constitutes the fourth ground of the appeal.

The variance between the date of the alleged seizin and right of possession of the plaintiff on the first of January, 1857, and the date of the conveyance to him, May 22d, 1858, is immaterial, the latter being previous to the commencement of the action.   In our practice, to entitle the plaintiff in ejectment to recover, it is only necessary to establish his right of possession and the occupation of the defendant at that time.   The date at which the plaintiff's right accrued, or the

defendants' occupation commenced, is material only with reference to the claim for mesne profits. (See *Yount* v. *Howell,* 14 Cal. 465.)

The patent is conclusive evidence, as against the Government, and all persons claiming under the Government by title subsequent, of the existence and validity of the grant, and of the confirmation of the claim thereunder, which are set forth in its recitals. No proof of these facts was requisite. The recital obviated the necessity of producing any evidence to establish them. The patent is the last act of a series of proceedings taken for the recognition and confirmation of the patentee's right to the land it embraces, the first of which is the petition to the Board of Land Commissioners. With reference to such proceedings, therefore, the patent takes effect, by relation, at the date of the first act; and so we have held in repeated instances. As the deed of the United States, it is to be regarded as if it had been executed at that time. It operates, therefore, as an absolute bar to all claims under the United States arising subsequent to the petition. (See *Waterman* v. *Smith, Moore* v. *Wilkinson,* and *Yount* v. *Howell.*) In addition to this, being conclusive upon the question of the existence and validity of the grant, it necessarily establishes the title of the patentees from the date of the grant; the character of such title depending, up to the issuance of the patent, upon the nature of the grant, and the proceedings of the former Government in relation thereto;—whether the grant were of a specific tract segregated from other land by defined boundaries;—or whether the grant were of a certain quantity of land lying in a larger tract, and in the latter case, whether juridical possession had been given to the grantee.

In the case at bar, all the conveyances under which the plaintiff claims were executed previous to the issuance of the patent. They passed, therefore, only the right of the grantors under the grant. But the patent, in recognizing the validity of the grant, necessarily establishes the validity of all properly executed intermediate transfers of the grantee's interest.

No proof was offered by the defendants of their having any title from any quarter. Their position was simply that of trespassers holding against a title issued by the former Government, recognized and confirmed by the present Government, with a relinquishment of any interest which the latter may have had in the land. If, to defeat their pretensions to retain the possession, it was material to establish the

Stark v. Barrett.

existence and validity of the previous grant, the recitals of the patent were, of themselves, sufficient evidence for that purpose. In *Carver v. Jackson ex. dem. Astor et al.* (4 Pet. 82) various exceptions were taken, growing out of the non-production of a lease recited in a deed of marriage settlement, and the evidence offered to establish its original existence and subsequent loss; but the Court thought it unnecessary to examine them particularly, stating that its opinion proceeded upon a ground which superseded them. "We are of opinion," said the Court, " not only that the recital of the lease, in the deed of marriage settlement, was evidence between these parties of the original existence of the lease, but that it was conclusive evidence between these parties of that original existence ; and superseded the necessity of introducing any other evidence to establish it. The reasons upon which this opinion is founded, will now be briefly expounded. To what extent, and between what parties, the recital of a lease in a deed of release (for we need not go into the consideration of recitals generally) is evidence, is a matter not laid down with much accuracy or precision in some of the elementary treatises on the subject of evidence. It is laid down generally, that the recital of one deed in another binds the parties and those who claim under them. Technically speaking, it operates as an estoppel, and binds parties and privies; privies in blood, privies in estate, and privies in law. But it does not bind mere strangers, or those who claim by title paramount to the deed. It does not bind persons claiming by an adverse title, or persons claiming from the parties by title anterior to the date of the reciting deed." (See other authorities cited in Cowen & Hill's notes to Phillips' Evidence, 1 vol. note 227, and 2 vol. note 251.)

The defendants are, indeed, strangers to the proceedings of the former or present Government, but still are not within the class against whom the recitals in a deed or patent are not conclusive. They are not only strangers to such proceedings, but, if we may use such an expression, they are also strangers to the premises. They have no relation to them except that of intruders. To have entitled themselves to any consideration, they should have shown some title or color and claim of title, and having in this way connected themselves with the premises, they would have been strangers against whom the recitals could not have operated, according as their title was derived from a paramount source, or was anterior in time from the same grantor, or had been the foundation of an adverse possession.

Stark *v.* Barrett.

The second ground of appeal raises the question as to the effect to be given to the conveyance of Vaca in transferring his interest. That conveyance was executed previous to the adoption of the common law, and whether under the civil law, where several parties are joint owners of real property, any consequences attend a conveyance by one of them of his interest in a distinct parcel of the premises, different from those which follow a similar conveyance at the common law, we are not sufficiently advised; nor is any point of the kind made by counsel.

The case has been argued as though the question presented was to be determined by the rules of the common law, and in that view we have examined it. For its determination, considered by the common law, it is immaterial whether the grantees took the land embraced in their grant as joint tenants or as tenants in common. During the lives of the tenants, the rules regulating the transfer of their interest are substantially the same, whether they hold in joint tenancy or in common. Neither a joint tenant nor a tenant in common can do any act to the prejudice of his cotenants in their estate. This is the settled law, and hence a conveyance by one tenant of a parcel of a general tract, owned by several, is inoperative to impair any of the rights of his cotenants. The conveyance must be subject to the ultimate determination of their rights, and upon obvious grounds. One tenant cannot appropriate to himself any particular parcel of the general tract; , as, upon. a partition, which may be claimed by the cotenants at any time, the parcel may be entirely set apart in severalty to a cotenant. He cannot defeat this possible result whilst retaining his interest, nor can he defeat it by the transfer of his interest. He cannot, of course, invest his grantee with rights greater than he possesses. The grantee must take, therefore, subject to the contingency of the loss of the premises, if, upon the partition of the general tract, they should not be allotted to the grantor. Subject to this contingency, the conveyance is valid, and passes the interest of the grantor. And this, we consider the result of the several cases cited by the counsel of the appellants. They go to the extent that the conveyance can have no legal effect to the prejudice of the cotenant, not that it is absolutely void, that it is ineffectual against the assertion of his interest in a suit for partition of the general tract, but is good against all others. Until such partition, the grantee will be entitled to the use and possession as cotenant, in the parcel conveyed, with the other owners. (*Bartlett* v. *Harlow*, 12

Mass. 348; *Varnum* v. *Abbott et al.* Id. 474; *Nichols* v. *Smith*, 22 Pick. 316.)

In *Robinett* v. *Preston's Heirs*, (2 Rob. 278) the precise question under consideration was passed upon by the Court of Appeals of Virginia. The defendant in that case claimed under a grant from the State of North Carolina, and traced his title through a conveyance from one of the grantees of a parcel, described by metes and bounds, of the premises granted. To the introduction of the conveyance the demandants objected, on the ground that as no partition of the grant had been made by the grantees, it was not competent for one of them, a joint tenant of the granted land, to convey by metes and bounds such portion as he pleased, without the consent of his cotenant, and in prejudice of his rights, and that such conveyance was wholly void. The Circuit Court sustained the objection, and excluded the conveyance, and judgment passed for the demandants; but the appellate Court held the ruling erroneous and reversed the judgment. In its opinion, after referring to the cases in Massachusetts, and stating that in *Varnum* v. *Abbott et al.* (12 Mass. 480) it was held that a similar deed was not absolutely void, the Court said: " With us there are still stronger reasons, if any were required, for holding such deeds not to be void. All grants are to be most strongly construed against the grantor; and by our statute, (1 Rev. Code, ch. 99, sec. 20) all alienations purporting to pass or assure a greater right or estate than the grantor may lawfully pass or assure, shall operate as alienations of so much of the right and estate as the grantor might lawfully convey. Under the covenants of such a deed as this, though it might be ineffectual to pass the particular tract as against the cotenant, yet as against the grantor and strangers it would be effectual to pass the interest of the grantor in the tract. Possession under it would support a release from the cotenant; and if the part conveyed were assigned to the alienee on partition, the title would be absolute at law. The deed being good against the grantor, the entry of the tenant under it would be lawful; and though it might be inoperative, so far as the rights of the cotenant were thereby prejudiced, yet as it would invest the grantee with the estate of the grantor, so far as he could lawfully convey, the grantee would be tenant in common with the cotenant of his grantor, to the extent of the interest conveyed. His possession and seizin would be the possession and seizin of both, because such possession and seizin would not be adverse to the right of his companion, but in support of their common title."

The general language of some of the cases cited—particularly those in Connecticut and Vermont—would lead to the conclusion that conveyances of a cotenant, like the one under consideration, were invalid for any purpose. Those cases appear to proceed upon the idea, that if the conveyances are held to pass any interest to the grantees, such interest will necessarily be entitled to consideration upon a partition, and hence that the cotenants will be virtually deprived of their share in quantity and quality which the law would otherwise assign to them. Thus in *Smith* v. *Benson*, (9 Vt. 141) the Supreme Court of Vermont says : " If one tenant in common is to be permitted to convey his portion of the estate by separate parcels to more than one, he may to any number. And if these conveyances are valid, the cotenant is bound to make partition with each of these separate grantees, and an estate which originally was valuable, with the right to compel partition with one only, becomes wholly worthless from the obligation to submit to perpetual subdivision." (See *Bartlett* v. *Harlow*, 12 Mass. 349 ; Hillard on Real Property, vol. 1, chap. 54.) But we do not perceive that any such result necessarily follows, for the partition may be directed without reference to the grantees under the conveyances, further than to make them parties to the proceedings in partition, in connection with their grantor, as representing his interest as original cotenant. Their claim to control or affect the partition, by reason of their respective conveyances, may be entirely disregarded. The grantees are to be considered as taking their conveyances subject to this condition. Their position, in that respect, is not very dissimilar to that of grantees of premises upon which judgments stand as liens, or in relation to which suits are instituted, with notice of their pendency filed in the Recorder's office. Such grantees would acquire interests liable indeed to be destroyed by sales under the judgments, or the result of the legal proceedings, but until such destruction, capable of enforcement against intruders and trespassers. In the case of *Lessee of White* v. *Sayre*, the Supreme Court of Ohio, in considering the question whether one tenant could convey his interest in a part of the whole common property, said : "A and B are seized of a section of land as tenants in common. It is well established, that A may grant his entire interest or estate in the section, and the conveyance will be valid. Upon what principle then can it be said, that if he convey his entire interest in *a particular quarter* of such section, such conveyance shall be void. Certainly, A and B, tenants in common, as aforesaid, might with pro-

Stark v. Barrett.

priety unite and convey a *particular* quarter of the section, and a complete title in the grantee would be vested.   Would not the title of the grantee be equally valid, if the tenants in common should, by separate deeds, convey to him their individual interest in that *particular quarter?*   This question, it is believed, must be answered in the affirmative, and if so, it proves conclusively that one tenant in common may transfer to a third person his entire interest in a part of the property held in common.   Otherwise, we run into this absurdity, that a deed properly executed by one individual which is an entire thing, and purports to convey a specific property, must depend for its validity upon the execution of a similar instrument by a third person, who is no way party to the first.   The principal reason assigned why one tenant in common shall not be allowed to convey as before stated is, that by so doing he may do a great injury to his cotenant, by compelling him, in case of partition, to take his proportion of the estate in small parcels, very much to his disadvantage.   If such evils would result, they ought, if possible, to be avoided.   It does not follow, however, that because one of two tenants in common can convey his estate in a *part* of the property so held, therefore the rights of his cotenant are affected.   This cotenant will still have the same interest in every part, and in the whole of the property.   He can still compel partition, and may have his share of the property set off to him in severalty, in the same manner as he could have done had no conveyance been made.   Such, at least, as at present advised, is the opinion of the Court, and if in this we are mistaken, the objection is not of sufficient force to induce us to adopt any other principle as applicable to this case, than as before stated."

The effect of the conveyance then, from Vaca, was to pass an undivided half interest in the premises to his grantee, which was valid against the defendant, and all persons other than the cotenant.   The plaintiff taking such interest by the intermediate conveyance was seized, subject to the same qualification, of the undivided estate, as tenant in common.   He was not seized in fee of the premises, as alleged in the complaint, but of the undivided half, which entitled him to the possession of the entire premises, as against all parties, but the original cotenant and his grantees, and as a consequence to a recovery in the present action.   Under the allegation of seizin in the complaint, it was sufficient for the plaintiff to establish any interest in the premises which gave him right of possession.

The third ground of appeal is answered by the statute. The certificate of acknowledgment bears date on the twenty-third of September, 1852. At that time the statute authorized the Notary to attach to his certificate his private seal, until an official seal was obtained by him. (Laws of 1850, chap. 41.)

The point of the objection to the instruction to the jury is, that it did not leave the execution and delivery of the several conveyances to them. Their execution was sufficiently proved, under the statute, by the notarial certificates of acknowledgment or proof which accompanied them, and was a matter addressed solely to the Court. No question was raised as to their delivery during the progress of the trial, and no evidence was offered to rebut the presumption of delivery arising from their possession by the plaintiff. The instruction amounted only to an announcement of the law as to the effect of the conveyances, through which the plaintiff claimed, and the effect of the admissions of the defendants.

The jury not only found for the plaintiff, but awarded damages for the rents and profits, and had the objection been taken to the instruction with reference to these damages, it would have been tenable; but no such objection was taken, and the point is to be regarded as waived.

Judgment affirmed.