REBECCA C. FROST *vs.* JANE COURTIS & another.

Essex.   November 1, 1898. — January 6, 1899.

Present: FIELD, C. J., HOLMES, LATHROP, BARKER, & HAMMOND, JJ.

*Partition — Amendment — Instructions — Adverse Possession — Conveyance by Tenant in Common — Estoppel.*

After a verdict had been directed for the respondents in a petition for partition of two parcels of land in the Superior Court, the case was reported to this court upon the terms that, if the ruling was right, judgment was to be entered on the verdict, and if the ruling was wrong, the verdict was to be set aside and by agreement of parties a new trial granted to try the issue of title by prescription of one

of the respondents. A rescript of this court directed that the verdict should be set aside and the case stand for trial on the issue whether that respondent had acquired a title by prescription. At the second trial in the Superior Court, the respondents were allowed to amend the answer, setting up as a defence that the petitioner was estopped from claiming any interest in one of the parcels adverse to the other respondent or any person claiming under him. *Held*, that the court had power to allow the amendment.

No exception lies to the refusal to give an instruction in the language requested, if it is given in substance.

The adverse possession of a grantee of one tenant in common of land may be tacked to that of the latter before the conveyance, and if together they equal twenty years the defence of title by prescription to a petition for partition by the other cotenant is established.

The conveyance by a tenant in common of a part of the estate by metes and bounds is not absolutely void, but is good by way of estoppel against the grantor and his heirs, and is valid against all persons unless avoided by the cotenants.

If the grantor of land is a disseisor at the time of the delivery of the deed, he is none the less such because in fact the title but for the disseisin is in him and another as tenants in common.

PETITION for partition of two parcels of real estate, one in Marblehead, and the other known as Baker's Island in Salem Harbor. After the former decision, reported 167 Mass. 251, the case was tried in the Superior Court, before *Hopkins*, J.

The jury returned a verdict for the respondents ; and the petitioner alleged exceptions. The facts appear in the opinion.

*S. H. Tyng*, (*G. C. Abbott* with him,) for the petitioner.

*H. P. Moulton*, for the respondents.

HAMMOND, J. Francis Courtis, being seised of the two parcels of real estate named in the petition, namely, a house and land on Back Street in Marblehead, and Baker's Island in Salem Harbor, died testate, June 15, 1870, leaving a widow, Jane Courtis, the respondent, a son, Francis Mason Courtis, and two grandchildren, who were children of a deceased son, the petitioner Rebecca C. Frost being one of the grandchildren. When the case was originally tried in the Superior Court, the respondent claimed as a part of her defence that by the death of the testator's son, Robert Harris Courtis, who died before the testator, the interest devised to Robert did not lapse, but went to the survivors named in the second clause of the will, namely, to the respondent and her son, Francis Mason Courtis ; and upon this issue a verdict in the Superior Court was directed for the respondent, and the case was reported to this court under the following terms, namely: " If the ruling was right, judgment is to be entered

on the verdict; if the ruling was wrong, the verdict is to be set aside, and by agreement of parties a new trial granted to try the issue of title by prescription of the respondent, Jane Courtis." This court decided that the devise to Robert Harris Courtis lapsed, (see *Frost* v. *Courtis*, 167 Mass. 251,) and by a rescript directed that, in accordance with the report, the verdict should be set aside and the case should stand for trial on the issue whether the respondent Jane Courtis has acquired title by prescription. The case came on again for trial in the Superior Court, and in the course thereof the court allowed the respondents to amend the answer, setting up as a defence that the petitioner was estopped from claiming any interest in Baker's Island adverse to the respondent Morse, or any person claiming under him. To this the petitioner excepted. Her contention is that, it having been agreed by the parties in open court, at the time when the case was reported to this court as aforesaid, that a new trial, if granted, should be merely to try the issue of title by prescription of the respondent, Jane Courtis, the court, as matter of law, had no right to allow the amendment. The court ruled that it had the right, and in the exercise of its discretion allowed the amendment.

On this part of the case the only question before us is whether the court had the power to allow the amendment. It is the policy of existing legislation and practice to allow amendments and pleadings to be made at any time before final judgment. Section 42 of the Pub. Sts. c. 167, allowing amendments, has always been liberally construed, and there can be no doubt that the Superior Court had the power to allow the amendment, notwithstanding the terms of the report of the first trial to this court and of the rescript thereon. *Hutchinson* v. *Tucker*, 124 Mass. 240. *Gray* v. *Everett*, 163 Mass. 77. *Terry* v. *Brightman*, 133 Mass. 536. *West* v. *Platt*, 124 Mass. 353, and cases therein cited. The amendment raised no defence inconsistent with the question of law decided by this court.

The trial of the case proceeded upon the defences set up by the respondents, namely, prescription and estoppel, the latter defence applying only to Baker's Island.

Of the thirteen requests for rulings, the court, while not adopting the precise language, gave in substance the first, and as to the second substantially ruled that mere continuous possession

by the respondent was not enough as against the petitioner, and refused the others; but as to the matter covered by the third and fourth ruled that, " If Jane Courtis and Francis Mason Courtis, the son, held adversely to those under whom the petitioners claim, and if, after the death of Francis Mason Courtis, Jane Courtis held adversely to them to April 21, 1887, which was the date of the deed to Morse, and if after the deed to Morse he held adversely to them to the date of filing this petition, and if that length of time added together amounts to more than twenty years, then the title became devested from the petitioner and vested in the respondents. That is to say, if mother and son occupied adversely during the lifetime of the son, and then the mother, who inherited from him, occupied adversely until she sold to Morse, which was in 1887, and if Morse after he purchased occupied adversely until the twenty years expired, then you can tack together those several periods of time, add them together, and if together they equal twenty years, then there had been twenty years adverse use by the respondents or those under whom they claim."

We think the law thus laid down was correct. *Sawyer* v. *Kendall*, 10 Cush. 241. The court defined in sufficiently accurate terms the elements necessary to constitute adverse possession as between cotenants, and also the elements of an *estoppel in pais.*

The petitioner also contends that the deed by the respondent to Dr. Morse, being a deed by a tenant in common of a part of the common estate by metes and bounds, was utterly void as against her. But such a deed is not absolutely void. The rule is stated in *De Witt* v. *Harvey*, 4 Gray, 486, 491, as follows: " Although a conveyance by a tenant in common of a portion of the estate in severalty is invalid as against his cotenants, and can be avoided by them, it is nevertheless good by way of estoppel against the grantor and his heirs, and is valid against all persons unless avoided by the cotenants." If the respondent Jane Courtis was a disseisor at the time of the delivery of the deed, (and that was the question on trial,) she was none the less such because in fact the title but for the disseisin was in her and the petitioner as tenants in common. If the deed took effect at all, it took effect as the deed of a disseisor, and that was the only claim made by the respondents as to its effect. Upon examining the evidence

as reported in the bill of exceptions, we are of the opinion that the case was rightly submitted to the jury, both on the question of disseisin and that of estoppel under instructions correct and sufficiently full.　　　　　　　　　　　　*Exceptions overruled.*