JOSEPH U. KIMBALL & others *vs.* COMMONWEALTH AVENUE STREET RAILWAY COMPANY & others.

Middlesex.   December 13, 1898. — March 25, 1899.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Deed of Tenant in Common — Restriction — Equity.*

The deed of a tenant in common of land, purporting to convey the fee, accompanied by possession, is only voidable, especially where it is possible that the grantor was holding adversely to all the world, and that his cotenant had only a technical title.

BILL IN EQUITY, filed December 10, 1897, and amended subsequently in the Superior Court, by Joseph U. Kimball, William Connon, and Charles S. Herrick, against the Commonwealth Avenue Street Railway Company, Charles H. Richardson, Leonard D. Ahl, and Adams D. Claflin, to enforce a restriction in deeds of land in Newton. Hearing before *Mason,* C. J., who dismissed the bill, with costs ; and the plaintiffs alleged exceptions. The facts appear in the opinion.

*C. Abbott,* for the plaintiffs.

*H. N. Rice,* (*W. H. Coolidge* with him,) for the defendants.

HOLMES, J.   This is a bill to enforce a restriction as to the character of buildings to be erected on the defendants' land for twenty years from the date of the deeds by which the restriction was imposed. The defence is a denial that the defendants are bound by the restriction in question. In 1875, one Anthony Holbrook and one Johnson, his son in law, owned a four-acre lot, of which both the plaintiffs' and the defendants' land formed part, as tenants in common. Holbrook died and left one third of

his estate to his widow, and one sixth each to four children. The sixths of two of the children were left in trust, and in 1889 the widow and mother was the trustee. In that year the widow and the two children who had legal estates made a warranty deed purporting to convey two undivided thirds of the plaintiff Kimball's lot to him by metes and bounds. At the same date the widow as trustee for the two other children conveyed one undivided third, and her *cestuis que trust* made their separate deed of release. Thus Kimball had a conveyance by metes and bounds from all the heirs of Anthony Holbrook, one of the two tenants in common. These deeds were made subject to the restriction that no buildings other than dwellings and their appurtenances should be erected on the land, etc., and that "the same restriction shall be inserted by these grantors in all deeds of adjoining lots hereafter made, unless," etc. The last quoted words apply to the defendants' lot. At this time it is probable that all parties concerned thought that the Holbrook devisees had the whole interest in the land. At least, for some reason, in 1892, by leave of the Probate Court, the executrix of Johnson, the other cotenant, who had died in 1887, released to Kimball for a nominal consideration. This deed said nothing of restrictions. The Holbrook devisees joined in this release. The titles of the other plaintiffs are similar to Kimball's.

The title of the defendant Ahl, who owns the land on which it is proposed to erect the building in question, is derived from the same tenants in common, as follows. On February 13, 1895, the devisees of Holbrook and the trustee under his will conveyed to one Winnibel Bowman by metes and bounds, "subject to the same restrictions as are contained in the deeds of adjoining lots," to the plaintiffs, and on January 19 of the same year the executrix of Johnson released to Bowman, seemingly in anticipation of the Holbrook conveyances, in the same form as in the case of the plaintiffs. The latter conveyances are not material.

The main objection urged is that the deed by the Holbrook heirs to the plaintiffs is void. There have been expressions looking that way, it must be admitted. *Marshall* v. *Trumbull,* 28 Conn. 183, 185. But it seems to us hardly to need argument, and it is perfectly settled in this State and many others, that such a deed, accompanied by possession, is only voidable, espe-

cially in a case like this, where it is at least possible that the grantors were holding adversely to all the world, and that the Johnson cotenants had only a technical title. *Frost* v. *Courtis,* 172 Mass. 401. *Varnum* v. *Abbot,* 12 Mass. 474. *Brown* v. *Bailey,* 1 Met. 254, 257. *Johnson* v. *Stevens,* 7 Cush. 431. *De Witt* v. *Harvey,* 4 Gray, 486, 491. *Stark* v. *Barrett,* 15 Cal. 361, 368 *et seq. Crocker* v. *Tiffany,* 9 R. I. 505, 512. *Whitton* v. *Whitton,* 38 N. H. 127, 134. *Holcomb* v. *Coryell,* 3 Stockton, 548. *Campau* v. *Godfrey,* 18 Mich. 27, 39. *Primm* v. *Walker,* 38 Mo. 94, 97. *Boggess* v. *Meredith,* 16 W. Va. 1. It will be noticed that the Holbrook deeds did not recognize the tenancy in common, but purported to deal with the fee, — they all warranted it, — so that it would be hard to say that the plaintiffs were not in adversely. *Frost* v. *Courtis,* 172 Mass. 401.

A further objection is taken that the deeds of the trustee under Holbrook's will were void, because the license was to sell one third of the fee, whereas the interest of the *cestuis que trust* was only one third of Holbrook's half. We do not see that it matters whether these deeds are good or bad, other deeds imposing the restriction being good, and therefore do not decide this question. See *Atkins* v. *Bean,* 14 Mass. 404; *Baker* v. *Baker,* 125 Mass. 7, 10; *Bryan* v. *Manning,* 6 Jones, 364; Rorer, Judicial Sales, (2d ed.) § 390.

It is suggested that the releases of 1892, saying nothing about restrictions, put an end to the restrictions. But this argument is due to a confusion. The restriction sought to be enforced is upon the land that then remained in the hands of the Holbrook devisees, and was conveyed by them later, in 1895, expressly subject to the restriction, as we have shown. For the foregoing reasons, we are of opinion that the ruling that the restrictions do not now exist was wrong.

*Exceptions sustained.*