82  607
84  645

ROXANA KENOYE, GUARDIAN OF ANNA C. HARDISON, *v.* DORA
BROWN ET AL.

TENANTS IN COMMON.    *Conveyance by one.    Specific part.    Rights of Coten-
ants.    Effect of Deed.    Estoppel.*

A deed from one tenant in common to a specific part of a general
tract of land owned by several:

(a) Is inoperative to impair any of the rights of the grantor's co-
tenants;

(b) But, if the part so conveyed be allotted upon partition to the
grantor in the deed, the grantee will take the same by estoppel;
he will not, however, be invested with an interest in any part
of the general tract not conveyed by the deed.

FROM the chancery court of Washington county.

HON. CAREY C. MOODY, Chancellor.

Dora Brown and another, appellees, were complainants in
the court below; Anna C. Hardison who, defended by her guar-
dian, Roxanna Kenoye, was defendant there.

In May, 1886, William Brown died intestate, leaving his
wife, Mary Brown, and their two children, Dora and Willie
Brown, as his only heirs. At the time of his death he owned
the west half of lot 2, block 20, of the third addition to the city
of Greenville. In September, 1887, Mary Brown, the widow,
sold the south half of this lot to one Williams, and it came by
successive conveyances to Anna C. Hardison, the defendant in
this case. In February, 1900, Dora and Willie Brown filed
the bill in this case against Anna C. Hardison in the chancery
court of Washington county, setting up that her claim was a
cloud upon their title to a two-thirds interest in the south half
of the west half of said lot, and that they were the real owners
of said two-thirds interest, and prayed to have the cloud re-
moved, and for the sale of the land for partition, and for an

accounting of the rents and profits of the lot. Defendant answered by her guardian, Roxana Kenoye. There was a final decree for complainants, cancelling defendant's claim as a cloud on their title, ordering the land sold for partition, and directing an accounting. From that decree, defendant appealed to the supreme court.

*E. N. Thomas* and *A. J. Rose,* for appellant.

The effect of the conveyance to Williams was to give him just such interest as Mary had in the west half. We invoke the rule of law as laid down in 17 Am. & Eng. Enc. Law (2d ed.), 683. While one tenant cannot convey a specific part of the common property by meets and bounds to the prejudice of his co-tenants, as against the grantor and those claiming under him such conveyance will be sustained upon the principles of estoppel, and if upon a subsequent partition of the property the part conveyed falls to the grantor so that the rights of his cotenants are not prejudiced by the conveyances the grantee takes a good title. In any case the grantee as against the grantor acquires title to the land conveyed subject to the contingency of loss thereof in case on partition that part of the common estate should not be allotted to his grantor. This is the principle for which we contend. We contend that the lot inherited from William Brown should be partitioned just as if no conveyonce had been made by Mary. If Mary had not conveyed the south half, but instead thereof had put the improvements on the common property that were placed thereon by Williams, on partition between her and her children, she would unquestionably be entitled to contribution for these improvements. 3 Am. & Eng. Enc. Law (2d ed.), 186; Pomeroy's Equity Jurisprudence, 1389.

Now the fact that she did convey the south half, believing that she could convey and intending to convey her interest in the whole property, does not effect the equities

nor enlarge the interest of her cotenants. She could not of her own volition make a partition of the property or sever her interest from the others, but she could do anything with her interest that was not prejudicial to the interests of her cotenants. If she attempted to convey more than she owned, such conveyance would not operate against her cotenants, but on partition her vendee would take such interest as she had in the common property. In *Bartlett* v. *Hawlor,* 12 Mass., 347, s. c., 7 Am. Dec., 76, the court held that while tenants in common cannot convey by deed by meets and bounds a specific part of the common property so as to entitle the vendee to maintain a writ of partition, but the purchaser, when the partition was made between the cotenants, would be entitled to the portion set apart to his vendor. The vendor would be estopped from asserting his right to this part. Cited and approved, 17 Mass., 285; 21 Pick., 284; 24 Pick., 332; 1 Met., 257; 7 Cush., 369; 12 Cush., 398; 12 Allen., 366; 12 Mass., 474. In approving *Bartlett* v. *Hawlor,* the court held on the fullest consideration that such conveyance by way of estoppel carries the interest of the grantor, and those claiming under him to the common property. That the rule of law which inhibits one joint tenant from conveying any specific part of the land to a stranger to the prejudice of his cotenants is not violated. This doctrine is further sustained in *Howze* v. *Dew,* 90 Ala., 178.

The weight of authority and the better reason support the proposition that such conveyance should be accorded full force and effect as against any interest the grantor has, or subsequently acquires in the land. See also Freeman on Cotenancy, sec. 199, *et seq.*; *White* v. *Sayre,* 2 Ohio, 112; *Robinette* v. *Preston,* 2 Rob. (Va.), 278; *Gates* v. *Solomon,* 35 Cal., 588; *Clark* v. *Barrett,* 15 Cal., 370; *Barnhurst* v. *Campbell,* 50 Mo., 599.

Mary Brown was a necessary party, and this case could not

proceed without her. How could the court ascertain what Mary's interest was and thereby fully protect the infant defendant, without making Mary a party? If the doctrine announced by the Massachusetts court is correct, no partition could be made without making her a party. Mary Brown was certainly a necessary party, and the relief sought by the crossbill could not be decreed without making her a party. 5 Enc. Pl. & Pr., 648, and cases there cited.

If Mary Brown was a necessary party, suit could not be proceeded with until she became a party. 52 Miss., 353.

We call the court's attention especially to the case of *Young* v. *Edwards et al.* (S. C.), 10 L. R. A., 55.

*J. H. Wynn,* for appellees.

The principle announced in *Young* v. *Edwards,* 10 L. R. A., 55, and *Paddock* v. *Shields,* 57 Miss., 340, and cases of like import, that upon a sale of a part of the common property by metes and bounds by one cotenant, such part will, upon partition, be set aside to the purchaser if it is not in excess of the interest of the vendor in the whole land, and if not prejudicial to the interest of the other cotenants, has no application in this case, for the part which Mary Brown sold and which came to the appellant — that is, the south half of the land, at the time of the sale, was equal in value to the unsold part, and at the time of the filing of the bill was equal in value and exceeds both in area and value one-third of the whole-west half of the lot. For the northwest quarter and the southwest quarter are of equal size, each having fifty feet front, and each having a house thereon, so that the property could not be divided so as to set aside one-third of the lot as contended for by the appellee, and the court so found. The purchaser by metes and bounds of a common property from a cotenant does not become a cotenant with the other cotenants in common of the whole property, notwithstanding the finding of the referee in *Young* v. *Edwards, supra,* but he simply becomes a tenant in common with them of

the part purchased with an equitable right to have that part assigned to him upon partition if it is not in excess of the vendor's interest in the whole property in area and value, and is not prejudicial to the rights of the other cotenants. The courts of many of the states hold that a sale by metes and bounds of a part of a tract by one cotenant is absolutely void, and that the other cotenant may disregard it altogether. But in this state such sale is not void, but makes the purchaser a cotenant to be protected in the part purchased upon partition if it is not prejudicial to the interest of the other cotenants, and not in excess of the interest of the vendor in the whole tract, is as far as the courts go, and is the only right to which the purchaser is entitled.

WHITFIELD, C. J., delivered the opinion of the court.

The true principle to be deduced from the authorities is that, where one tenant in common makes a conveyance by specific metes and bounds of a part of the common estate, such deed is voidable in so far forth as it operates to the prejudice of his cotenants, at their election, but will convey the interest of the grantor in the parcels specifically conveyed, as against the grantor, and if, in the subsequent partition, the particular tract thus conveyed by metes and bounds should be assigned to the cotenant conveying, the title will inure, by virtue of the doctrine of estoppel, to his grantee. The limitation is always strictly observed, that such deed shall not be permitted to operate to the prejudice of the cotenants of the grantor. There is one authority cited —*Young* v. *Edwards* (S. C.), 11 S. E., 1066, 10 L. R. A., 55, 26 Am. St. Rep., 689 — which holds that in such case the deed shall operate to convey to the grantee not simply the interest of the grantor in the lands specifically conveyed by metes and bounds, but the entire interest of the grantor in the whole tract, provided, however, the land so conveyed by metes and bounds does not exceed, either in area or

value, the aliquot share of the grantor in the whole tract; and it is this last qualification which makes this authority, if sound, inapplicable in this case, since in this case the tract conveyed by metes and bounds largely exceeded, both in area and value, Mary Brown's aliquot share in the whole tract. But the Mississippi doctrine is as first stated, and as set out in *Richardson v. Miller,* 48 Miss., 335, 336, to wit: that in such cases all that the grantee gets in any case is the interest of the grantor in the part conveyed by metes and bounds. We understand Mr. Freeman to approve this doctrine, from various expressions cited below. As, for example, he says in section 205: "But in no case can the conveyance of one tenant in common, or of any less than all the cotenants, give the grantee any greater rights than those held by the grantor or grantors." And in section 204 he says: "If, however, there remain any states wherein the courts really intend to assert that a conveyance by one cotenant of part of the common property is void, in any other sense than that such conveyance will not operate to diminish or impair the rights of the nonassenting cotenants, such courts are falling into the minority, as the more recent decisions tend strongly and surely toward the recognition of such conveyance as a valid transfer of all the grantor's interest in the property therein described, entitling the grantee to certain rights that the cotenants of the grantor cannot wantonly disregard." Note the expression, "Valid transfer of all the grantor's interest in the property therein described"— that is to say, in the deed, not in the whole tract. In the case of *Gates* v. *Salmon,* 35 Cal., 576, 95 Am. Dec., 139, cited by Mr. Freeman, on page 203, in his work on Cotenancy and Partition, the court says: "The rights thus assigned to the grantee are precisely those pertaining to the grantor in the special tract — no greater and no less. The grantor, before his conveyance of the special tract, held his undivided interest therein subject to the contingency of the loss of it, if on partition of the general tract the special tract should

be allotted to one of his cotenants.  The grantee then acquires all the interest of his grantor in the special tract, and that interest is a tenancy in the special tract in common with the cotenants of his grantor; but his conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, and the general tract is therefore liable to a partition, so far as the cotenants of the grantor are concerned, as it would be had the conveyance of the special tract not been made."   17 Enc. Law (2d ed.), p. 684, states the rule thus: "The true doctrine, as deduced from actual decisions, seems to be that such conveyances are absolutely void as against cotenants whose rights are prejudiced thereby, and who have not consented to them or ratified them, but that, when confirmed or assented to by the other cotenants, such conveyances are valid as against all parties.  The assent of the cotenant in such case need not necessarily be by deed, but may be inferred from long acquiescence in the grantee's title.   In any case it seems that a tenant cannot complain of a conveyance of a specific part of the common estate by a cotenant where his own rights are not injuriously affected thereby.   And a court of equity will respect the rights of the grantee, so far as this can be done consistently with the rights of the cotenants, and, wherever practicable, will confirm the title of the grantee by allotting to his grantor that portion of the land conveyed."  In the case of *Stark* v. *Barrett*, 15 Cal., 368, Field, C. J., afterwards associate justice of the United States supreme court, says: "This is the settled law, and hence a conveyance by one tenant of a parcel of a general tract owned by several is inoperative to impair any of the rigths of his cotenants.   The conveyance must be subject to the ultimate determination of their rights, and upon obvious grounds.   One tenant cannot appropriate to himself any particular parcel of the general tract, as, upon a partition, which may be claimed by the cotenants at any time, the parcel may be entirely set apart in severalty to a cotenant.  He cannot defeat this possible

result whilst retaining his interest, nor can he defeat it by the transfer of his interest. He cannot, of course, invest his grantee with rights greater than he possesses. The grantee must take, therefore, subject to the contingency of the loss of the premises, if upon the partition of the general tract they should not be allotted to the grantor. Subject to this contingency, the conveyance is valid, and passes the interest of the grantor." If the "grantee takes subject to the contingency of the loss of the premises, if upon partition of the general tract they should not be allotted to the grantor," manifestly the grantee only gets the grantor's undivided interest in the part embraced in the deed, and not his undivided interest in the whole of the original tract. The grantee in such case must look to his grantor on the warranty in his deed. The precise point is decided in accordance with the rule in *Richardson* v. *Miller, supra;* in *Dennison* v. *Foster et al.,* 9 Ohio, 126, 34 Am. Dec., 429, where the court say: "The effect of such deed is to pass to the purchaser the grantor's proportional interest in the part described in the deed. Tenants making such separation of interests and their heirs are bound by it, especially if the deed contains covenants of warranty." And again, the point is decided in *Soutter* v. *Porter,* 27 Me., 405, where the court say: "Such a conveyance of a tenant in common, however, cannot, in any event, operate contrary to the expressed declarations and intention of the parties, to convey an estate in common instead of an estate in severalty." This is undoubtedly sound. The grantor meant to convey an estate specifically marked out, by metes and bounds, in severalty. All that the grantor may get out of that particular estate on subsequent partition inures to his grantee, properly enough, under the estoppel arising out of the deed. But to hold that the grantee, when he loses the particular tract, will get his grantor's undivided interest in the whole of the original tract, would be to extend the estoppel beyond the deed, and give an undivided

interest in the common estate, instead of what was granted —
an estate in severalty.    And so in *Dorn* v. *Dunham,* 24 Tex.,
366, the court say: "If, under such an agreement, the obligor
were unable to make title by reason of the land falling to the
share of another in the partition between the cotenants, the
remedy of the obligee would be by suit for damages for the
breach of the contract."    These authorities certainly make it
clear that the rule of *Richardson* v. *Miller* is the sound rule.
The expression in that opinion that such a deed is void (quoted
from Kent) must be understood to mean that it is voidable at
the election of cotenants who will be prejudiced thereby.    Mr.
Freeman is entirely right in saying such deeds should not be
spoken of as absolutely void, but as voidable at the election of
cotenants whose rights are prejudiced thereby.    In the case of
*Kimball* v. *Street Railway Co.,* 173 Mass., 152, 53 N. E., 274,
decided March, 1899, Holmes, J., now associate justice of the
supreme court of the United States, says that, whilst there have
been expressions to the effect that such a deed is void, it "seemed
to that court hardly to need argument that such a deed, accom-
panied by possession, was only voidable."    We quote but one
other authority — the opinion of Bell, J., in *Whitton* v. *Whit-
ton,* 38 N. H., 127, 75 Am. Dec., at page 167: "He has an
interest in the question whether the property shall be divided,
and, if so, in what manner, precisely so much greater than an
ordinary tenant in common, as he is liable to have his entire
interest assigned to another in the partition, and his whole
estate defeated, without redress or compensation."    We refer
especially, in conclusion, to the case of *Worthington* v. *Staun-
ton,* 16 W. Va., 208, as containing the best exposition of this
whole subject we have seen anywhere.    See also, *Emeric* v.
*Alvarado,* 90 Cal., 456, 27 Pac., 356.

*Affirmed.*