BOARD OF LEVEE COMMISSIONERS FOR THE YAZOO-MISSISSIPPI DELTA *v.* PRESSLY E. NELMS ET AL.

TENANTS IN COMMON. *Life estate. Conveyance by some. Effect. Rights of remaindermen.*

Where land is owned by several persons, one having a fee simple estate in an undivided one-half interest, and another a life estate, and still others the remainder in the other half, a sale of a specific part of the land by the fee-simple owner of the undivided one-half of the whole tract will not vest in the purchaser a half interest in the whole tract, although the life tenant of the other undivided half joined therein, but the conveyance will be subject to the ascertainment of specific shares by partition and is voidable by the remaindermen not parties to it.

FROM the circuit court of DeSoto county.

HON. J. B. BOOTHE, Judge.

Nelms and others, appellees, were plaintiffs, and the Board of Levee Commissioners for the Yazoo-Mississippi Delta, appel-

lant, was defendant in the court below. From a judgment in plaintiffs' favor the defendant appealed to the supreme court. The opinion states the case.

*J. T. Lowe,* for appellant.

The learned judge, on the trial below, acceded to the contention of appellees that the case of *Richardson* v. *Miller,* 48 Miss., 335, sustained appellees' position, and held that the deed from Hamby and Nelms was incompetent, being absolutely void as to appellees, rendered so, obviously, by the subsequent partition between Fulmer and the Nelmses, overlooking the fact that appellants by virtue of their said deed from Hamby, so far as the 29 67-100 acres were concerned, became tenants in common with an undivided one-half interest, with the said appellees as to the 29 67-100 acres. *Kenoye* v. *Brown,* 82 Miss., 607 (s. c., 35 So. Rep., 163). And without further remarks on this point we content ourselves by calling attention to *Kenoye* v. *Brown, supra,* which abundantly sustains our contention, and renders a reversal of this cause inevitable.

*St. John Waddell,* and *Mayes & Longstreet,* for appellees.

The Mississippi doctrine is that a purchaser of a part of a common estate, from one co-tenant, takes only the interest of his grantor therein, and his purchase is subject to the rights therein which may be acquired by a non-assenting co-tenant, in any future partition of the common estate, and that in such future partition the non-assenting co-tenant, if assigned or if he acquires in severalty a part or all of the portion sold, takes it free of any claim of title on the part of the grantee in the deed, who must look alone to his covenants of warranty in said deed, if any, for protection. *Richardson* v. *Miller,* 48 Miss., 335; *Kenoye* v. *Brown,* 82 Miss., 607 (s. c., 35 So. Rep., 163).

In the case of *Kenoye* v. *Brown* Chief Justice Whitfield made an exhaustive examination of the authorities governing this question, and reaffirmed the case of *Richardson* v. *Miller,*

and construed the rule as announced in that case from Kent to mean, as above stated, that the deed of one co-tenant to a separate portion of a common estate was not void, but only voidable at the election of the non-assenting co-tenant, and that the grantee in such deed took the granted premises subject to the contingency of the loss of it, if, on partition of the general tract, the special tract should be allotted to the non-assenting co-tenant.

Argued orally by *J. T. Lowe,* for appellant, and by *J. C. Longstreet,* for appellees.

CALHOON, J., delivered the opinion of the court.

By Mrs. Dancy's will Hamby took an undivided half interest in fee in a tract of land, a part of a strip of which is the subject of this litigation. The other half went, under the same will, to Eben Nelms for life, with remainder in fee to appellees. The testator, Mrs. Dancy, died in 1894. On July 20, 1896, Eben Nelms, the life tenant of the half interest, and Hamby, the owner in fee simple of the other half, sold at a valuation of $50 per acre, to the board, for levee purposes, and conveyed to it by a conveyance purporting to carry the fee-simple title to the whole of the strip. Afterwards, on September 19, 1896, Hamby conveyed his half interest in fee in the whole tract to Fulmer, but excepted the strip from his warranty. Afterwards, on June 23, 1897, Fulmer, the owner of half in fee, and Eben Nelms, the owner of the life estate in the other half, and the appellees, the remaindermen in fee, all joined in a partition deed of the whole tract, by which the part of the strip in controversy, containing 15 72-100 acres, was allotted to Eben Nelms and the remaindermen, and the rest of the strip fell, by the allotment, to Fulmer. Eben Nelms died July 16, 1902, six years, less four days, from the date of the conveyance by him and Hamby to the levee board. Then, within a month, the remaindermen, appellees here, commenced this

proceeding under the eminent domain acts of February 7, 1894 (Laws 1894, p. 95, ch. 85), and May 18, 1897 (Laws 1897, p. 23, ch. 19).

The position of the board that it is entitled to the half interest of Hamby in the whole strip is untenable. When he and Eben Nelms, the life tenant, conveyed to the board, the conveyance was subject to any ascertainment of the specific shares by partition between the owners of the fee. The deed was not void, but voidable by the remaindermen not parties to it. *Kenoye* v. *Brown,* 82 Miss., 607 (s. c., 35 South., 163); *Richardson* v. *Miller,* 48 Miss., 335. When the board took and expropriated the strip at a conventional price of $50 per acre, it should have had the remaindermen join in the conveyance; otherwise, it is liable to them for the value of their allotment on partition, less the value of Eben Nelms' life estate, with legal interest on the balance; and, by agreement, the value was $50 per acre. *Callicott* v. *Parks,* 58 Miss., 528.

The point of inquiry here is the value of the interest of the remaindermen in the property when expropriated. This has been manifestly found, practically, and we do not stop to notice whether there was or was not error below as to evidence admitted or excluded, or instructions. By some miscalculation the verdict is for $16.93 too much on the proper basis of estimate. It should have been for $831.32 instead of $848.25, and, as appellees offer to remit the $16.93, we affirm the judgment for $831.32 at costs of appellant.

*Affirmed.*