# Inman v. Prout.

### Bill in Equity for Sale of Lands for Partition.

1. *Sale of lands for partition under probate decree; jurisdiction of court; conclusiveness of decree.*—Under statutory provisions authorizing a sale of lands for partition by decree of the Probate Court (Code, 1876, § 3514), the jurisdiction of the court attaches on the filing of a petition in which the property is described, the names and residences of all the joint owners are stated, with the interest of each, and it is alleged that the land can not be equitably divided without a sale; and the jurisdiction having attached, the decree is valid on collateral attack, as to all persons who were made parties, and passes title to the purchaser, although there may be an outstanding interest, not disclosed by the petition, in a person who was not made a party.

2. *Same; lien-holders as parties; remedy in equity.*—The existence of an execution lien on the undivided interest of one of the joint owners, does not oust the jurisdiction of the court to order a sale, nor make it necessary to bring in the judgment creditor as a party; though the

[Inman v. Prout.]

better course would probably be to resort to a court of equity, making the creditor a party. But, if the land is sold in parcels under the probate decree, all being subject to the execution lien on the undivided interest, the other joint owners becoming the purchasers of different parcels in severalty, and is afterwards sold under the creditor's execution, he becoming the purchaser, he can not maintain a joint suit in equity against the several purchasers, to have the land again sold for partition, though he might maintain a separate suit against each one of them.

APPEAL from the Chancery Court of Colbert.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 30th June, 1888, by Bettie J. Inman against George Prout, Joshua Prout, John Prout, and Holden W. Prout; and prayed a sale for partition of certain lands, described as lots No. 85 and No. 154, in Tuscumbia, in which complainant claimed an undivided one-fifth interest, as purchaser at execution sale against Patrick Prout, who was a brother of the defendants; and also a prayed that certain proceedings had in the Probate Court, under which said lots, with two others, were sold for equitable division among the five brothers, might be declared null and void as to complainant, because her judgment was rendered before said proceedings were instituted, and that the defendants might be held accountable for the rents of the lots in their possession. George Prout alone defended the suit, decrees *pro confesso* being taken against the others. He filed an answer, in which he set up the proceedings had under the probate decree, insisting on their validity and conclusiveness; and alleged that he had bought Patrick Prout's interest in the lands, in February or March, 1885, and gave public notice of his claim at the sale under plaintiff's execution. He demurred to the bill for want of equity, because complainant, if entitled to any relief, had an adequate remedy at law; because the bill showed that the probate proceedings were conclusive, and because the court had no jurisdiction of the case made by the bill; and he prayed that his answer might be taken as a cross-bill, and that the sheriff's deed to the complainant be cancelled as a cloud on this title. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

KIRK & ALMON, for appellant.

J. B. MOORE, *contra*.

CLOPTON, J.—The bill, filed by appellant, seeks the sale of lands for partition between herself and appellees, as tenants

in common, and an account of rents and profits. Appellees and Patrick A. Prout originally were joint tenants of the property, having derived it by descent from their deceased father, each owning a one-fifth interest. On March 21, 1885, complainant recovered a judgment in the Circuit Court against Patrick Prout, upon which a *pluries* execution was issued, May 4, 1886, and levied on the same day on his undivided interest in the lands, execution having been regularly issued and delivered to the sheriff. His interest was sold, June 7, 1886, and purchased by complainant, to whom the sheriff executed a deed. After complainant had obtained her judgment, Holden Prout, one of the original joint owners, made application to the judge of probate, March 9, 1886, for a sale of the land for partition between the joint tenants, and obtained April 19, 1886, an order of sale, under which the lands were sold, May 24, 1886, and purchased by different persons. The case made by the bill is, that complainant and the defendants, being four of the original joint owners, are tenants in common of all the land sold by the sheriff under her execution. It proceeds on the theory, that the proceedings in the Probate Court, and the decree of sale, are void as to complainant, and that having acquired the interest of Patrick Prout, she is entitled to partition, as if no such proceedings were had.

Section 3514 of Code of 1876, under which the proceedings were had, confers on the Probate Court jurisdiction to order a sale of property for distribution among joint tenants. It declares: "Judges of the Probate Court may decree and order a sale of all property, whether real, personal or mixed, held by joint owners or tenants in common, when the same can not be equitably partitioned or divided between such joint owners or tenants in common, notwithstanding they, or any number of them, are infants or persons of unsound mind." The jurisdiction is invoked and attaches upon the filing of a petition in writing to the judge of probate, by a proper party, containing the requisite jurisdictional averments. The transcript, made an exhibit to the bill, and also introduced in evidence, shows that a written application was made to the judge of probate of Colbert county, in which county the property was situate, by one of the joint owners, setting forth the names of all the joint owners, their residences, the interest of each, the property, and that it can not be equitably divided without a sale thereof. Upon the filing of this application, the jurisdiction of the court attached.—*Morgan v. Farned*, 85 Ala. 367. All the parties in interest had notice. The subsequent proceedings were in the exercise of this jurisdiction, and appear to be regular; but if not, all reasonable intendments will be made to

support the decree. The court having jurisdiction of the subject-matter, and of the persons, the decree, on a collateral attack, is valid as to all those who were parties to the proceeding, and operates to pass title, though there may be an outstanding interest in a person not made a party, if the petition does not disclose such interest.— *Whitlow v. Echols,* 78 Ala. 206; *Cantelou v. Whitley,* 85 Ala. 247.

But the contention is, that the complainant, being a judgment creditor of one of the joint owners, and having a lien on his individual interest, acquired before the application was made to the Probate Court, the order of sale and the sale for partition are void as to her. The contention goes too far. Lien-holders are not necessary parties to a proceeding for partition. If the lien covers the interest of all the joint owners, it is not displaced or affected by the partition; and if it is upon a separate undivided share, the statute provides : "When there is a lien on an undivided interest of any of the parties, such lien, if a partition is made, is thereafter a charge only on the share assigned to such party."—Code, § 3267. No provision is made for the ascertainment or adjustment of liens in case of sale. We shall not undertake to decide, whether, under the effect and operation of the statutes, the property is discharged, in case of a sale for partition, from a judgment or execution lien on a separate undivided interest acquired before the filing of the petition, and the lien transferred to such party's share of the proceeds of sale; for, conceding that the lien is not affected, the utmost result is, that the property is sold and the purchaser takes it subject to the lien. Partition in a proper case is a matter of right, and unwilling co-tenants will not be forced to continue a relation they wish dissolved, because the undivided interest of one may be incumbered. Probably, in such case, the better course would be to resort to a court of equity for a sale for partition, making the lien-holders parties; but the existence of such lien does not oust the jurisdiction of the Probate Court.

Under the decree of sale in the partition proceedings in the Probate Court, the lands were sold May 24, 1886, by the appointed commissioners; the sale was reported to, and confirmed by the court, and the commissioners ordered to make conveyances to the respective purchasers. At the sale, John Lassiter purchased lot numbered 86, Holden Prout lot 17, George Prout lot 85, and George Prout, John Prout and Joshua Prout lot 154. The bill seeks partition of the two lots last named. By the proceedings, the title of the original joint owners to the several lots was divested, and vested in the purchasers respectively, so that each purchaser's title and possession is

[Echols v. Louisville & Nashville R. R. Co.]

separate and distinct. Admitting that the complainant became the owner of the interest of Patrick Prout by her purchase at the sale under the execution against him, the sale for partition having been made prior to the execution sale, she did not become tenant in common with the original joint owners as such, but a tenant in common to the extent of the interest purchased by her, in each of the lots only, with the purchaser of such lot at the partition sale. The title and possession of each purchaser being separate and distinct, complainant can not sustain a joint suit against the several purchasers, but must bring a separate suit against each, for the partition, or sale for partition, of the lot purchased by him.—*Matter of Prentiss*, 7 Ohio, 470. The parties must be tenants in common of all the lands sought to be divided. And a sale for partition among the original joint owners having been made under a valid decree of a court of concurrent and competent jurisdiction, whereby the joint tenancy was dissolved, complainant can not maintain a bill against them as such for the purpose of a second sale of the same lands for partition among them and herself as the purchaser of Patrick Prout's interest.

This conclusion relieves the necessity of considering the other questions argued by counsel.

Affirmed.