# O'Neal, *et al. v.* Cooper, *et al.*

## *Partition.*

(Decided December 17, 1914.   67 South. 689.)

1. *Tenancy in Common; Interest; Right to Convey.*—One tenant in common may convey his undivided interest in property without the knowledge or consent of his co-tenant.

2. *Partition; Right of Co-Tenant.*—One co-tenant has the right to a partition of the common property.

3. *Same; Effect of Deed of Part Interest.*—Where a co-tenant deeds a part of the land held in common, the other co-tenant may have partition irrespective of such deed, but the purchaser's right will be protected in equity if it can be done without prejudice to the other co-tenant.

4. *Equity; Multifariousness.*—Purchasers of a part of the interest of a co-tenant are proper parties to a bill for partition between the co-tenants, and their joinder does not make the bill multifarious.

5. *Same.*—Abstractly speaking, the term, multifariousness, is not capable of an accurate definition; it includes those cases where a party is brought as a respondent on a record with a large portion of which, and in the case made by which, he has no connection whatever.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by James P. Cooper and others, against Emmet O'Neal and others, for the partition of land. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

R. B. EVINS, for appellants.

KIRK, CARMICHAEL & RATHER, and MITCHELL & HUGHSTON, for appellees.

GARDNER, J.—Bill for sale of land for partition among joint owners, or tenants in common. There was demurrer by some of the respondents to the bill as

amended, for multifariousness, which demurrer was overruled, and this ruling of the court presents the only question argued in brief for appellant.

The case as presented by the bill is, we think, properly and concisely stated by counsel for appellees, in brief, as follows:

"The bill was filed by Cooper and others, appellees, to sell for division E. $\frac{1}{2}$ of S. E. $\frac{1}{4}$ of section 9, township 2, range 9 west, in Lauderdale county. It is alleged that said tract was formerly owned by William Cooper and L. B. Cooper and E. A. O'Neal, who held it during their lives as tenants in common. All the parties to the bill are alleged to stand in privity of title with these, or some one of these, original cotenants, either by inheritance or by conveyance from some successor in title. The widow (Olivia O'Neal) of E. A. O'Neal took by will his undivided one-third interest. Appellant Emmet O'Neal is her son and the executor of her will. He inherited an undivided one-eighteenth interest. In 1904, Olivia O'Neal conveyed to defendant Turner Williams her interest in a described 10 acres of the 80. In 1910, defendant (and appellant) Emmet O'Neal conveyed to defendants Bailey and his wife his interest in 20 acres of the 80. All the O'Neal defendants and Turner Williams and the Baileys demurred to the bill for misjoinder of parties and for multifariousness; but only Emmet O'Neal, as an individual and as executor of Olivia O'Neal's estate, has appealed. The case proceeded to final decree, and the lands were ordered sold, but in three separate parcels to conform to the conveyances made."

It thus appears that all the parties stood in privity of title with some one of the original cotenants, either by inheritance or by purchase. The widow of E. A. O'Neal took by will his undivided one-third interest,

and she, in 1904, conveyed to defendant Turner Williams her interest in a described 10 acres of the eighty. Appellant Emmet O'Neal inherited his interest in the 80 acres from his mother, and he, in 1910, conveyed his interest in 20 acres of the 80 to defendants Bailey and his wife. No effort at a conveyance of only a part of the 80 acres seems to have been made by any one standing in privity with the title of the original cotenants, except by the two conveyances above mentioned made by those in privity of title with the original cotenant, E. A. O'Neal. As previously stated, the question of multifariousness is the one question argued in brief for appellant.

(1) It is, of course, universally recognized that a cotenant may convey at his pleasure his undivided interest in all the lands held in common without the knowledge or consent of his companions in interest. Such a conveyance places the grantee in the deed in the same position that the grantor had previously occupied; no possible injury could result to the other cotenants in the tract.

(2) The rule is further recognized that a cotenant has a right to a partition of the common property. As was said in the case of *Gore v. Dickinson,* 98 Ala. 363, 11 South. 743, 39 Am. St. Rep. 67: "So, also, it is settled that neither the fact that inconvenience or injury will result, or mischief be entailed upon the property, or that a division may be embarrassed by difficulties, will deprive a cotenant of the right to demand a partition of the common property."

(3) In recognition of this right on the part of a cotenant, it is held by the decided weight of authority that a deed from a cotenant of a part of the land held in common cannot in any way operate to the prejudice of the other tenants in common. And it has therefore

been held that the other tenants in common have a right to have the land partitioned unaffected by such deed. In such case, however, it is held that a court of equity will protect the rights of such purchaser, if it can be done without prejudice to the other co-tenants.

Speaking to this same subject, it was said in the case of *Stark v. Barrett,* 15 Cal. 368, as follows: "It is the settled law, and hence a conveyance by one tenant of a parcel of the general tract, owned by several, is inoperative to impair any of the rights of his cotenants. The conveyances must be subject to the ultimate determination of their rights, and upon obvious grounds. One tenant cannot appropriate to himself any particular parcel of the general tract; as, upon a partition, which may be claimed by the cotenants at any time, the parcel may be entirely set apart in severalty to the cotenant. He cannot defeat its possible result while maintaining his interest, nor can he defeat it by a transfer of his interest; he cannot, of course, invest his grantee with rights greater than he possesses."

Mr. Freeman, in his work on Cotenancy and Partition (section 203), quotes the following from an authority cited in the note: "The grantee then acquires all the interest of his grantor in the special tract, and that interest is the tenancy in the special tract in common with the cotenants of his grantor; but his conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, and the general tract is therefore liable to partition, so far as the cotenants of the grantor are concerned, as it would be had the conveyance of the special tract not been made."

As holding to this view, we cite the following: *Worthington v. Staunton,* 16 W. Va. 208; *Kenoye v. Brown,* 82 Miss. 607, 35 South. 163, 100 Am. St. Rep. 645;

*Parker v. Harrison,* 63 Miss. 225; *Born v. Dunham,* 24 Tex. 366; *Hazen v. Webb,* 65 Kan. 38, 68 Pac. 1096, 93 Am. St. Rep. 276; Freeman on Cotenancy and Partition, §§ 199 to 205, inclusive; 30 Cyc. 176; *Gates v. Salmon,* 35 Cal. 576, 95 Am. Dec. 139.

(4) These authorities therefore demonstrate that one cotenant cannot, by a sale of his interest in only a part of a common tract, thus prejudice the rights of his cotenants in the property of the common estate, and that in the partition proceeding such grantees of only a part of said common estate from one of said cotenants are proper parties, and indeed their interest is treated as a tenancy in the special tract in common with the cotenants of their grantor, and that the conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, but that such general tract is liable to a partition, so far as the cotenants are concerned as would be had the conveyance of the special tract not been made. As to the right of cotenants in common to a partition of the common property, we cite, also, in this connection, *Upshaw v. Upshaw,* 180 Ala. 204, 60 South. 804; *McLeod v. McLeod,* 169 Ala. 654, 53 South. 834; *Hollis v. Watkins,* 189 Ala. 292, 66 South. 29.

We need not here stop to inquire to what extent a court of equity would go in the protection of the interest of a grantee of a part of such common estate in a partition proceeding, but the authorities show that their interests will be fully protected in such court if consistent with the rights of the cotenants of the common tract. Our statutes (section 5232-5233, Code 1907) were evidently intended for a liberal use of the power of a court of equity in proceedings for the partition or sale for partition of estates of tenants in common.

The bill here does not seek a partition in kind of the property, but giving full effect to the conveyances made, and out of respect for the rights and interests of such grantees of a part only of the common estate, prays a sale of the property for division into three separate tracts in accordance with the purchases so made. All of the parties are brought before the court, and the rights of each are by the decree fully preserved.

(5) No universal rule in regard to "multifariousness" is admitted to be established as to cover all possible cases. As said in the case of *Adams v. Jones*, 68 Ala. 117: "Multifariousness, abstractly, has been properly said to be incapable of an accurate definition; but is generally understood to include those cases 'where a party is brought as a defendant on a record, with a large portion of which, and in the case made by which, he has no connection whatever.'—Story's Ep. Pl., § 530; *Kennedy v. Kennedy*, 2 Ala. 573. The objection is greatly a matter of discretion, and so the circumstances under which it is allowed to prevail; so that every case must, in a measure, be governed by what is convenient and equitable under its own peculiar facts, subject to the recognized principles of equity jurisprudence. And it is always proper to exercise this discretion in such manner as to discourage future litigation about the same subject-matter, and prevent a multiplicity of suits, and never so as to do plain violence to the maxim that courts of equity 'delight to do justice, and not by halves.'"

The authorities which we have above cited clearly show that the parties demurring were proper parties to this suit and cannot be heard to complain that the bill was multifarious. We were at first somewhat impressed, upon consideration of this cause, by the case of *Inman v. Prout*, 90 Ala. 362, 7 South. 842, wherein

was cited the case of *Matter of Prentiss,* 7 Ohio, 129 pt. 2, 30 Am. Dec. 203, and wherein it was said: "The parties must be tenants in common of all the lands sought to be divided."

By some of the authorities above cited, the Ohio case is treated as holding to a contrary view to the great weight of authorities and as opposed to the views expressed in these cases. Upon mature reflection, however, we are persuaded that the cause of *Inman v. Prout, supra,* is not at all in conflict with the conclusion we have here reached. The right of a cotenant to split up a common tract to the prejudice of the right of his cotenants for partition of the common estate was not discussed nor involved in that case. Indeed, the opinion shows that the original cotenancy was dissolved by valid judicial sale. As said in the opinion: "By the proceedings, the title of the original owners to the several lots was divested, and vested in the purchasers respectively, so that each purchaser's title and possession is separate and distinct."

Therefore, the common estate having been properly divided by a valid sale into separate and distinct parcels, the expression of the court that the parties must be tenants in common of all the lands sought to be divided in the case and under the facts as therein shown was entirely proper, for such is undoubtedly the general rule.

We are therefore of the opinion that the bill was not multifarious, and that the learned chancellor properly ruled in overruling demurrers to the bill.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur.