244 So.2d 579

Betty Jo White RUSSELL et al.

v.

STYLECRAFT, INC., a Corp.

6 Div. 741.

Supreme Court of Alabama.

Feb. 11, 1971.

**634**

Hanes & Hanes, Brimingham, for appellants.

Ira H. Kline and R. A. Norred, Birmingham, for appellee.

LAWSON, Justice.

The appeal is from a final decree of the Circuit Court of Jefferson County, in Equity, rendered in a proceeding instituted for the purpose of having land sold for division among joint owners.—§ 210, Title 47, Code 1940.

Luther White died intestate in April, 1952, owning surface rights to twenty acres of land in Jefferson County, described as "the South half of the Southeast Quarter of the Northwest Quarter of Section 8, Township 14, Range 2 West * * *"

Luther White was survived by his widow, Audrey White, and ten children, Betty Jo White, Garland White, Arthur White, Dovie White Gibson, Reva White, Jarrell White, Albert White, Robert L. White, John W. White, and Earl G. White, all of whom are complainants in this case except Albert, Robert, John and Earl.

Albert, Robert, John and Earl, along with the complainant Dovie White Gibson, by quitclaim deed conveyed their interests in the twenty-acre tract of land to their mother, Audrey White.

Subsequent thereto, five parcels were carved out of the twenty-acre tract by Audrey White for building sites. Audrey White conveyed all of her right, title and interest in and to Parcels 1, 2, 4 and 5 and retained Parcel 3 for her own use. She conveyed her right, title and interest in Parcel 1 to Earl White, in Parcel 2 to John White, in Parcel 4 to Arthur White, and in Parcel 5 to Albert White.

Dwelling houses were constructed on each of the parcels with labor and materials furnished by Outdoor Development Company, Inc. The purported owner of each of the five parcels executed a mortgage on his or her parcel to Outdoor Development Company, Inc., to secure the price of the labor and materials which went into the construction of the dwellings. The dwellings substantially enhanced the value of the twenty-acre tract. Each of the mortgages was foreclosed and Outdoor Development Company became the purchaser of the five parcels under the power of sale contained in the mortgages. Outdoor Development Company conveyed all of its right, title and interest in and to the said parcels of land to Stylecraft, Inc., a corporation.

The complainants were all minors at the time the deeds and mortgages heretofore referred to were executed with the exception of Dovie White Gibson.

In their bill the complainants averred that each of them owned an undivided ⅒ interest in the five parcels of land and that the respondent, Stylecraft, Inc., owns an undivided ⁵⁄₁₀ interest; that the parcels of land could not be "fairly and equitably divided or partitioned among the joint owners thereof without a sale, inasmuch as said parcels are, separately and severally, building lots and not suitable for division, and that one or some of said parcels have a dwelling thereon incapable of being equitably divided or partitioned."

Aside from the prayer for process and the prayer for general relief, the bill prayed, in effect, that the said five parcels of land be sold for division and partition "between the said joint owners."

The respondent, Stylecraft, Inc., filed an answer which it made a cross bill. In essence, the cross bill sought to have the court allocate or allot to the respondent-cross complainant the five parcels of land which the complainants-cross respondents in their original bill sought to have sold for division and to have the court allot to the complainants-cross respondents the remaining land in the South half of the Southeast quarter of the Northwest quarter of Section 8, Township 14, Range 2 West, Jefferson County, and to have such land partitioned *in kind* among the complainants-cross respondents. Demurrer interposed by the complainants-cross respondents to the cross bill was sustained. Thereafter, the respondent-cross complainant amended its cross bill and sought to make Audrey White, in her individual capacity, a cross-respondent. But she made no appearance. We see no occasion to summarize the averments added to the stating part of the original cross bill by the amendment. The prayer of the cross bill was amended so as to read in pertinent part as follows:

"* * * and cross-complainant prays that upon a final hearing, it will please the Court to extend its jurisdiction herein so as to grant partition of the whole property originally held in common by the heirs of Luther White, to wit, the S ½ of the SE ¼ of the NW ¼ of Sec 8 Tp 14 R 2W Jefferson County, Alabama. Surface rights only, and that the Court shall so partition said real estate in kind as to allot to the cross complainant those parcels described in Paragraph Two of the original Bill of Complaint as Parcels One, Two, Three, Four and Five. * * *"

Demurrer interposed by the complainants-cross respondents was sustained to the cross bill as amended.

The cause was submitted to the trial court for final decree on behalf of the complainants on their bill of complaint and a stipulation of facts and on behalf of the respondent upon its answer and a stipulation of facts.

In its final decree the trial court found that the complainants and the respondent are tenants in common of the five parcels of land to which reference has heretofore been made. It did not find that the parties to the litigation were tenants in common or

joint tenants or joint owners of the remaining part of the South ½ of the Southeast ¼ of the Northwest ¼ of Section 8, Township 14, Range 2 West. Nevertheless, the trial court decreed as follows:

"That each of the said parcels [the five parcels to which we have heretofore referred] is improved with a dwelling house which makes it incapable of partition in kind, and so accordingly each of the same is hereby set aside and awarded to the respondent to be its sole property.

"That the remainder of the S ½ of the SE ¼ of the NW ¼ of Section 8, Township 14, Range 2 W, surface rights only, is due to be sold for division among the parties complainant to this cause, and the Register is hereby directed and ordered to advertise same for public sale for four consecutive weeks in a weekly newspaper in general circulation in Jefferson County, Alabama, and on the day specified to sell same at public outcry before the courthouse door in . Jefferson County. The proceeds of such sale are to be divided between the complainants in this cause."

The final decree contains the further provision :

"This cause as to subject matter and the parties is retained within the jurisdiction of the Court pending the conclusion of the partition and sale for division hereinabove designated."

From the decree the complainants in the original bill appealed to this court.

The case is presented in this court, as it was in the lower court, on the theory that upon the death of Luther White his ten children became the owners in fee simple of the twenty-acre tract of land, free of any dower or homestead rights in his widow, Audrey White. For the purpose of this appeal, but for that purpose only, we treat the matter of ownership of the said twenty-acre tract of land as did the parties in the trial below.

As we have indicated, the stipulation of facts shows that five of the children, including Dovie White Gibson, conveyed their undivided interests in the twenty-acre tract to their mother, Audrey White. Accepting that statement as true, each of the six complainants did not, as alleged in the original bill of complaint, own an undivided one-tenth interest in the twenty-acre tract at the time the bill was filed. The discrepancy may result from the fact that Dovie White Gibson, one of the complainants, joined in the conveyance to her mother. We do not understand that, in this proceeding, Dovie White Gibson sought to avoid the effect of her joining in that conveyance, although the stipulation of facts contains the following language: "Dovie White Gibson at the time of her signing the conveyance attached hereto was twenty year (sic) of age and a married woman. Since the date of said conveyance to the present date she has performed no act of disaffirmance." The conveyance to which reference is made is that in which the five children joined in conveying their undivided interest in the twenty-acre tract to Audrey White.

In the case of O'Neal v. Cooper, 191 Ala. 182, 184–186, 67 So. 689, 690, 691, it was said, in part, as follows:

"(1) It is, of course, universally recognized that a cotenant may convey at his pleasure his undivided interest in all the lands held in common without the knowledge or consent of his companions in interest. Such a conveyance places the grantee in the deed in the same position that the grantor had previously occupied; no possible injury could result to the other cotenants in the tract.

"(2) The rule is further recognized that a cotenant has a right to a partition of the common property. As was said in the case of Gore v. Dickinson, 98 Ala. 363, 11 So. 743, 39 Am.St.Rep. 67: 'So, also, it is settled that neither the fact that inconvenience or injury will result, or mischief be entailed upon the property, or that a divi-

sion may be embarrassed by difficulties, will deprive a cotenant of the right to demand a partition of the common property.'

"(3) In recognition of this right on the part of a cotenant, it is held by the decided weight of authority that a deed from a cotenant of a part of the land held in common cannot in any way operate to the prejudice of the other tanants in common. And it has therefore been held that the other tenants in common have a right to have the land partitioned unaffected by such deed. In such case, however, it is held that a court of equity will protect the rights of such purchaser, if it can be done without prejudice to the other cotenants.

"Speaking to this same subject, it was said in the case of Stark v. Barrett, 15 Cal. [361], 368, as follows: 'It is the settled law, and hence a conveyance by one tenant of a parcel of the general tract, owned by several, is inoperative to impair any of the rights of his cotenants. The conveyance must be subject to the ultimate determination of their rights, and upon obvious grounds. One tenant cannot appropriate to himself any particular parcel of the general tract; as, upon a partition, which may be claimed by the cotenants at any time, the parcel may be entirely set apart in severalty to the cotenant. He cannot defeat its possible result while maintaining his interest, nor can he defeat it by a transfer of his interest; he cannot, of course, invest his grantee with rights greater than he possesses.'

"Mr. Freeman, in his work on Cotenancy and Partition (section 203), quotes the following from an authority cited in the note: 'The grantee then acquires all the interest of his grantor in the special tract, and that interest is the tenancy in the special tract in common with the cotenants of his grantor; but his conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, and the general tract is therefore liable to partition, so far as the cotenants of the grantor are concerned, as it would be had the con-veyance of the special tract not been made.'

\* \* \* \* \* \*

"(4) These authorities therefore demonstrate that one cotenant cannot, by a sale of his interest in only a part of a common tract, thus prejudice the rights of his cotenants in the property of the common estate, and that in the partition proceeding such grantees of only a part of said common estate from one of said cotenants are proper parties, and indeed their interest is treated as a tenancy in the special tract in common with the cotenants of their grantor, and that the conveyance did not sever the special tract from the general tract, so far as the cotenants are concerned, but that such general tract is liable to a partition, so far as the cotenants are concerned as would be had the conveyance of the special tract not been made. As to the right of cotenants in common to a partition of the common property, we cite, also, in this connection, Upshaw v. Upshaw, 180 Ala. 204, 60 So. 804; McLeod v. McLeod, 169 Ala. 654, 53 So. 834; Hollis v. Watkins [189 Ala. 292], 66 So. 29, [present term].

"We need not here stop to inquire to what extent a court of equity would go in the protection of the interest of a grantee of a part of such common estate in a partition proceeding, but the authorities show that their interests will be fully protected in such court if consistent with the rights of the contenants of the common tract. Our statutes (sections 5232–5233, Code 1907) [§§ 189–190, Title 47, Code 1940] were evidently intended for a liberal use of the power of a court of equity in proceedings for the partition or sale for partition of estates of tenants in common."

In so far as we can determine, the language quoted above from O'Neal v. Cooper, *supra,* has not been criticized by any subsequent opinion of this court.

We entertain the view that Albert, Robert, John and Earl White and Dovie White Gibson had the right to convey their undivided interests in the twen-

ty-acre tract to their mother, Audrey White; that Audrey White had the right to convey her undivided interest in parcels of the twenty-acre tract, sometimes hereinafter referred to as the general tract, and she and her grantees had the right to mortgage their undivided interests in the parcels which were carved out of the general tract; that the conveyance by Audrey White of four parcels carved from the general tract and the mortgages placed on those parcels and on the parcel upon which Audrey White had a dwelling constructed could not prejudice the rights in the common estate of the five children who did not join in the conveyance to Audrey White; that the conveyances and the mortgages of and on the several parcels did not sever them from the general tract, so far as cotenants, tenants in common or joint owners are concerned.

The complainants in the original bill had the right to seek a partition in kind and a sale for division of the general tract, that is, the twenty-acre tract. But they did not seek such relief as to the general tract. They wanted the five parcels sold for division of proceeds, leaving the remainder of the general tract untouched.

Stylecraft, Inc., which was a proper party respondent (O'Neal v. Cooper, *supra*), as we have heretofore shown, in its answer-cross bill, as amended, prays that the trial court "extend its jurisdiction herein so as to grant partition of the whole property originally held in common by the heirs of Luther White, to wit, the S ½ of the SE ¼ of the NW ¼ of Sec. 8 Tp 14 R 2W Jefferson County, Alabama. Surface rights only * * *"

Although the trial court sustained the demurrer interposed to the cross bill and the demurrer interposed to the cross bill as amended, the final decree from which this appeal was taken affects the entire twenty-acre tract. As previously shown, the five parcels to which we have frequently referred above were "set aside and awarded to the respondent [Stylecraft, Inc.] to be its sole property." The remainder of

the twenty-acre tract was ordered sold for division "between the complainants in this cause."

■ Although there is authority to the contrary (In re Prentiss, 7 Ohio 130, Part II, 30 Am.Dec. 203), the rule which seems to be well established is that a suit for partition should include all of the lands of the original cotenants in common and if it does not, any party, whether his interest extends through all such lands or is restricted to some specific part, may insist that the omitted land or lands be included in the suit, and that all persons be made parties whose presence is necessary to a partition with such lands included.—40 Am.Jur., Partition, § 32, p. 27. See 68 C.J.S. Partition § 55b(2), p. 80.

In O'Neal v. Cooper, *supra,* 191 Ala. 188, 67 So. 691, we made the following observation concerning the Ohio case of In re Prentiss, *supra:* "By some of the authorities above cited, the Ohio case is treated as holding to a contrary view to the great weight of authorities and as opposed to the views expressed in these cases."

In Inman v. Prout, 90 Ala. 362, 366, 7 So. 842, 844, it was said: "The parties must be tenants in common of all the lands sought to be divided." But the right of a cotenant to split up a common tract to the prejudice of the right of his cotenants for partition of the common estate was not discussed or involved in that case. Indeed, the opinion shows that the original cotenancy was dissolved by valid judicial sale. The opinion says: "By the proceedings the title of the original joint owners to the several lots was divested, and vested in the purchasers respectively, so that each purchaser's title and possession is separate and distinct." (90 Ala. 365–366, 7 So. 843–844)

In Leddon v. Strickland, 218 Ala. 436, 438, 118 So. 651, 652, we said:

"The fact that some of the joint owners have purchased of other owners their interests, or have sold their original interests, *or have an interest in only a part*

*of the lands,* or that joint interests are by different rights, does not affect the right of partition or sale for division. Such purchasers are proper parties (O'Neal v. Cooper, 191 Ala. 182, 67 So. 689), and one cotenant has the right of division of the common property. The purpose of the statute was to effectuate such result, and in one decree afford complete and adequate relief after the ascertainment of the right, title, interest, lien, incumbrances, and equities of the several parties in the common property. Sections 9331, 9333, Code; Sandlin v. Anders, 210 Ala. 396, 98 So. 299; Whitehead v. Boutwell, 218 Ala. 109, 117 So. 623." (Emphasis supplied)

 We hold, therefore, that there is no merit in the appellants' contention that the decree of the trial court is erroneous simply because Stylecraft, Inc., was not a tenant in common in all the lands which the trial court ordered divided or sold for division.

Appellants contend that the pleadings upon which this cause was submitted for final decree did not seek affirmative relief as to any land other than the five parcels and that consequently the trial court erred in ordering the remainder of the general tract sold for division.

Since the decree must be reversed for other reasons hereinafter discussed, we lay aside the question as to whether the trial court could correctly decree that the land in the general tract not included in the five parcels be sold for division, since the original bill did not pray for such relief and since the demurrer was sustained to the cross bill and to the cross bill as amended. We entertain the view that on another trial the issues will be framed in the light of this opinion.

The decree must be reversed because Audrey White owned an undivided interest in the lands which the trial court ordered sold for division of the proceeds "among the complainants." She was not a "complainant" in her individual capacity.

The respective right, title and interest of the partites who are joint owners or tenants in common of land ordered sold for division should be ascertained before the order. This was not done. For this reason, also, the decree of the trial court is reversed. Harvey v. Jenkins, 219 Ala. 121, 121 So. 419.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, HARWOOD and MADDOX, JJ., concur.