PER CURIAM.
This is a summary judgment case.
The trial court granted Morgan’s (plaintiff/judgment creditor’s) motion for summary judgment against Dial (defendant/judgment debtor).
Dial appeals, and we affirm.
In a prior proceeding, Morgan sued Dial for breach of contract and warranty in connection with repairs done on Morgan’s home. The jury returned a verdict for $25,000 in favor of Morgan and against Dial.
Dial’s insurance carrier paid Dial $12,500 and made the following statement in an affidavit:
*15 “Pursuant to a judgment entered in case number CV-83-001574 in favor of Mr. Morgan and against Dial & Company, Inc., American States Insurance Company paid to Dial & Company, Inc. the sum of $12,500.00, to fulfill any and all obligations American States Insurance Company had to Dial & Company, Inc. as a result of said judgment.”
Dial spent the $12,500 to satisfy other financial obligations, and Morgan received none of it. Morgan filed suit against Dial and his insurance company. Dial then produced $12,500. His attorney paid $5,000 of this sum to Morgan and interpleaded $7,500 into the court for a determination of ownership. Both Morgan and Dial filed summary judgment motions for the money. The trial court granted summary judgment for Morgan.
Dial contends on appeal that Morgan, as a judgment creditor, could not reach the $7,500 in that a judgment creditor is limited to the $5,000 coverage for mental anguish provided by the insurance contract. Such contention fails to give due regard to the declaration of the above-stated affidavit. In other words, § 27-23-2, Code 1975, has been held to give a judgment creditor a vested interest in the amount due by an insurer to its insured after entry of judgment against the insured. State Farm Mutual Automobile Ins. Co. v. McClendon, 269 Ala. 456, 114 So.2d 153 (1959). So, when Dial’s insurance company paid him $12,500 to “fulfill any and all obligations [it] had to Dial & Company,” such sum became available to Morgan as judgment creditor.
The dispositive issue on appeal is whether the trial court erred in granting Morgan’s motion for summary judgment.
For a summary judgment to be properly granted, the pleadings and affidavits must establish no scintilla of evidence which raises a genuine issue as to any material fact, and the moving party must be entitled to judgment as a matter of law. Houston v. McClure, 425 So.2d 1114 (Ala. 1983). In our review of a trial court’s grant of summary judgment, we must use the same standard as that used by the court below. Henderson v. Hanson, 414 So.2d 971 (Ala.Civ.App.1982).
After a review of the record, we find that the trial court did not err in granting Morgan’s motion for summary judgment. There is no dispute that Morgan received a $25,000 judgment against Dial. Further, it is undisputed that Dial’s insurance carrier paid Dial $12,500 pursuant to that judgment and that only $5,000 was paid to Morgan. Therefore, the trial court was correct in concluding that there were no material facts in dispute, and as a matter of law, Morgan was entitled to the $7,500 interpleaded into the court.
It is well settled that a court rendering a judgment has the inherent power to enforce it and to make such orders and issue such process as may be necessary to render it effective. Monroe v. Monroe, 356 So.2d 196 (Ala.Civ.App.1978); § 12-1-7, Code 1975. Whether or not Morgan could reach the $7,500 via § 27-23-2 does not affect the right of Morgan to have the court enforce an outstanding judgment out of those assets presently before the court.
This case is due to be affirmed.
AFFIRMED.
All the Judges concur.