JONES, Justice.
This appeal involves an eight-year-old family dispute over “heir” property, which dispute has been before this Court on two earlier appeals.[1] Because the judgment appealed from includes a full statement of the facts, a statement of the issues presented, and the trial court’s resolution of those issues and explains the relationship of the parties, we set it out in full:
“This cause coming on to be heard on the fourth amended complaint on file in *800 the above-styled cause, which complaint seeks a sale for partition or division of certain property more particularly described herein, as is authorized by Ala. Code 1975, § 35-6-20, and the court having heard the evidence in support of said complaint on March 27, 1989, and having entered, on April 7, 1989, an Interim Order in this cause directing, among other things, that the property be surveyed by McCrory and Williams and that Alabama Land Title Company be employed to prepare and file a commitment of title insurance covering the subject property, and the court having found that said survey and title insurance commitment have been filed with the clerk of this court; and the court, having accepted the briefs of authorities from the parties on certain procedural matters concerning said sale, is of the opinion that the parties are entitled to relief and does hereby enter the present Order of Sale. It is, therefore,
“ORDERED, ADJUDGED, and DECREED as follows:
“1. That the correct legal description of the property which is the subject of this action, all of which is situated in Baldwin County, Alabama, is as follows, to-wit:
“PARCEL ONE
“TOWNSHIP 3 NORTH, RANGE 3 EAST
“Section 20: Southeast Quarter of Southeast Quarter
“Section 21: South Half of Southwest Quarter and the Southwest Quarter of the Southeast Quarter
“Section 28: West Half of the Northeast Quarter; Southeast Quarter; East Half of the Northwest Quarter; and the Northwest Quarter of the Northwest Quarter
“PARCEL TWO
“TOWNSHIP 3 NORTH, RANGE 3 EAST
“Section 32: North Half of the Northwest Quarter of the Southeast Quarter
“PARCEL THREE
“TOWNSHIP 2 NORTH, RANGE 3 EAST
“Section 18: The Fractional Northwest Quarter of Southwest Quarter; the Fractional Southwest Quarter of Southwest Quarter; the East Half of Southwest Quarter; and the West Half of Southeast Quarter
“Grant Section 37: All of McDaniel Grant Section 37, also sometimes known as the McDonald Grant
“SUBJECT, HOWEVER, TO THE FOLLOWING, to-wit:
“1. Right-of-way through Parcel One as is set forth in that certain Decree of Condemnation dated July 31, 1979, and recorded in Real Property Book 82, Pages 764-65, in the Office of the Judge of Probate of Baldwin County, Alabama.
“2. Right-of-way through Parcel Three for Highway 59 as is set forth in that certain Right-of-way Deed from R.H. Hall and Bessie N. Hall to Baldwin County dated October 7, 1940, and recorded in Deed Book 72, Page 548, in the Office of the Judge of Probate of Baldwin County, Alabama.
“3. Right-of-way through Parcel Three above for Highway 59 as is set forth in that Certain Order of Condemnation dated January 3, 1989, and recorded in Real Property Book 124, Pages 930-34, in the Office of the Judge of Probate of Baldwin County, Alabama.
“4. Right-of-way through Parcel Three for Highway 59 as is set forth in that certain Right-of-way Deed from A.W. Slaughter to Baldwin County dated August 14, 1940, and recorded in Deed Book 72, Page 546, in the Office of the Judge of Probate of Baldwin County, Alabama.
“5. Power line easement through Parcel Three from Cess Bailey to Baldwin County Electric Membership Corporation dated March 1, 1938, and recorded in Deed Book 65, Page 42, in the Office *801 of the Judge of Probate of Baldwin County, Alabama.
“6. Power line easement through Parcel Three from R.H. Hall and Bessie N. Hall to Baldwin County Electric Membership Corporation dated March 22, 1938, and recorded in Deed Book 65, Page 76, in the Office of the Judge of Probate of Baldwin County, Alabama.
“That the court finds that the survey which is on file in this cause and which was prepared by McCrory and Williams, Surveyors, dated June 29, 1989, and indicating that the above-described property contains a total of 797.74 acres is a true and correct survey of the subject property and is due to be recorded in the Office of the Judge of Probate of Baldwin County, Alabama, and to which survey reference shall hereinafter be made for all purposes.
“2. That the parties hereto are all of the joint owners of the above-described property and that said property is owned by the parties hereto in the following proportions, to-wit:
“Miriam Ellen Hall Mazzone and Robert F. Prince, as Successor Executor of the Estate of Jesse Carl Hall, Deceased Undivided ¼ interest
“F. Mary Hall Undivided ¼ interest
“H. Newell Hall Undivided ¼ interest
“Mary Lena Shirley Undivided ¼2 interest*
‘George Michael Shirley Undivided '/a interest*
‘Judy E. Shirley Undivided ¼2 interest*
“* Subject to the following:
“1. Prior reservation of oil, gas, and minerals as set forth in that certain Mineral Deed dated March 2, 1982, and recorded in Real Property Book 109, Page 800.
“2. That certain Timber Lease dated March 21, 1982, and recorded in Real Property Book 114, Pages 505 et seq.
'Mary Lena Shirley Undivided ¼ interest in oil, gas, and minerals as set forth in that certain Mineral Deed dated March 2, 1982, and recorded in Real Property Book 109, Page 800; and undivided ¼ interest in timber as set forth in that certain Timber Lease dated March 21, 1982, and recorded in Real Property Book 114, pages 505 et seq., which undivided interest encumbers only those interests indicated above.
“That the court does hereby accept the commitment for title insurance which was heretofore filed with the clerk of this court by Alabama Land Title Company and which commitment is dated June 14, 1989, and drawn on Lawyers Title Insurance Company. The court does hereby direct that on a sale of the subject property that said commitment shall be endorsed to reflect the purchase price of the successful purchaser of the subject property and that said commitment further be endorsed so that it will be issued to said successful purchaser in the amount of the total purchase price of the property and that the policy of title insurance be issued to said purchaser in said amount, such premium to be taxed as a part of the costs of this proceeding.
“3. That, based on the evidence that was introduced in the hearing on this cause, the court does hereby find that the subject property is incapable of equitable partition in kind among the joint owners thereof and that a sale of said property is necessary so that the proceeds from said sale can be divided among the joint owners.
“4. That, according to the pleadings on file in this cause, the complaint, as originally filed, sought a sale of the subject property as to a surface interest only and requested a reservation from said sale of all oil, gas, and minerals situated in, on, or under said property so that the said oil, gas, and mineral interest would continue to be owned jointly by the parties. However, the court determines, from the pleadings, that the reservation of said mineral interest was not agreeable to all of the remaining owners of said interest and that, on the authority of Jenks v. Jenks, 292 Ala. 328, 294 So.2d *802 147 (1974), the court is not empowered to sell less than the entire estate which is owned by the parties to this suit. Further, the court has been requested by various of the defendants to reserve from said sale that certain interest owned by defendant Mary Lena Shirley, which is described as an undivided one-quarter interest in the oil, gas, and minerals as set forth in that certain Mineral Deed dated March 2, 1982, and recorded in Real Property Book 109, Page 800, and an undivided one-quarter interest in the timber situated on the subject property as is described in a timber lease to her dated March 21, 1982, and recorded in Real Property Book 114, Page 505. However, the conveyances of these interests to Mary Lena Shirley were by instruments executed by her mother, Sarah H. Shirley, who, at the time of said conveyances, was the owner of an undivided one-quarter interest in all of the subject property. It would appear to the court that it would be detrimental to the interests of the remaining co-tenants to reserve those interests of Mary Lena Shirley from the sale of the subject property and, on the authority of Russell v. Stylecraft, Inc., 286 Ala. 633, 244 So.2d 579 (1971), it would appear that one joint tenant should not be allowed to unilaterally prejudice the interests of the other joint tenants and that the remaining joint tenants should have the right to have a partition of a full interest in the subject property notwithstanding any conveyances which have been made by one of the joint tenants. See, also, Craig v. Javine, 432 So.2d 1304 (Ala.Civ.App.1983). Accordingly, and over the objection of the defendants, the court does hereby order that the sale of the subject property, as above described, shall be of a full and unencumbered interest in the subject property which shall pass to the purchaser at said sale the good and merchantable, fee simple title to said property, without reservation of any kind. The court will, in its order of distribution of the proceeds of the sale, direct that the above-mentioned interests in the timber and minerals which are owned by Mary Lena Shirley be separately valued and paid to her accordingly as is reflected in paragraph ‘2.’ above.
“5. That it appears from the pleadings that each of the owners of an interest in the subject property [has] properly invoked the provisions of Ala.Code 1975, § 35-6-100 et seq., and that each of said parties is entitled to bid on the subject property at private sale, for which the court intends to make provision, as is hereinafter set forth.
“6. That, as is provided in § 35-6-101, it appears to the court that the parties are unable to reach an agreement concerning the price of the subject ■property, [and] the court does hereby appoint Bradley Land and Appraisal, Inc., for the purpose of appraising the above-described property and filing the [appraisal] with the court as is otherwise required by law. The court does hereby authorize said appraiser to do any and all work which is necessary to make said appraisal, specifically including a cruise of the timber situated on the subject property and an examination concerning the value of any oil, gas, and minerals situated in, on, or under said property. In conducting said appraisal, the said appraiser shall be authorized to employ any and all competent assistants as it, in its discretion, deems appropriate in making said appraisal of said property. The appraisal which is filed with the clerk of this court shall be of the good and merchantable, fee simple title to a full interest in the subject property, as described above and as is set forth on the survey referred to above. In the Interim Order, previously entered in this cause, the court indicated that the appraisal would divide the subject property into separate forty-acre tracts and that separate appraisals would be returned on the surface, timber and oil, gas and minerals. On reconsideration, the court does rescind said provision of the Interim Order and does direct that said appraiser file a single appraisal covering the entire subject property and merging therein all interests in the subject property.
*803 ‘ 7. Upon the filing of the appraisal with the clerk of this court, all parties hereto shall be entitled to file a bid, within the time allowed by law, equal to the appraised value of all undivided interests in the subject property other than the interest of the parties submitting said bid. All bids submitted for the purchase of the subject property at private sale must be accompanied by a cashier’s check, payable to the clerk of this court, in the full amount of the bid price, calculated as set forth above.
“8. The court recognizes that the plaintiffs in this case, who shall be collectively referred to herein as ‘Mazzone,’ have recovered a final judgment against the defendants F. Mary Hall and H. Newell Hall in the sum of Four Hundred Sixteen Thousand Eight Hundred Sixty-eight Dollars and Forty-four Cents ($416,868.44), on which their liability is joint and several, and a further judgment against H. Newell Hall, individually, for the additional sum of Three Thousand Dollars ($3,000.00), and the said judgment has accrued interest at the. rate of twelve percent (12%) per annum since December 28, 1987, the date of entry by the Circuit Court of Tuscaloosa County, Alabama, and which judgment has been admitted into evidence in this case. The court does hereby order, over the objection of the defendants, that any bid by any party to purchase the interest of Mazzone in the subject property must, in addition to the appraised value of the interest of Mazzone in the subject property, also include a sum sufficient to pay the full amount of the Mazzone judgments referred to above, plus interest to the date of said bid, to the extent that said judgments do not exceed the value of the interests against which they constitute a lien.
“9. Several of the defendants have also raised an issue in this case as to the extent to which the Mazzone judgment referred to above gives rise to a right of setoff against any bid which Mazzone might file in an effort to purchase the interest of F. Mary Hall and H. Newell Hall in the subject property. The court finds that in a proper case equity is authorized, in the discretion of the court, to enforce a setoff against a judgment at law. Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625 (1954). See, also, Ala.Code 1975, § 35-6-23(a). In the present case, Mazzone is the holder of a valid and final judgment against F. Mary Hall and H. Newell Hall, the owners of an undivided one-half interest in the subject property. It appears to the court that it would serve no purpose to require Mazzone to pay money in to the clerk of this court for the purpose of purchasing the interest of those owners who owe money to Mazzone. Accordingly, over the objection of the defendants, the court determines that this is a proper case where the equitable right of setoff should be enforced and does direct that on any bid filed by Mazzone to purchase the interest of F. Mary Hall or H. Newell Hall, Maz-zone shall be entitled to a credit or setoff against that bid, in the amount of the judgment held against the owner of the interest for which the bid is made, plus interest through the date of filing said bid.
“10. In the event that only one bid is submitted for the purchase of the remaining undivided interests in the subject property and that bid is determined by the court to be consistent with the requirements of this order and as otherwise provided by law, the court will then proceed to confirm said sale as is otherwise required by law. In the event, however, more than one such bid is submitted, then only the parties who have submitted proper bids shall be entitled to file a second bid for the purpose of breaking the deadlock. The procedure to be followed in that case is that following a determination by the court that a deadlock has occurred and the names of the parties who are entitled to bid further, the court will enter an order to that effect and those parties will be entitled to file a second bid with the clerk of this court, in any amount in excess of the first bid submitted by that party. The second bid so submitted shall also be accompanied by a cashier’s check payable *804 to the clerk of the court and which shall cause the total funds on deposit for that party with the clerk to equal the amount of the second bid. All bids so submitted shall be filed within five (5) business days after the date of entry of the order determining the existence of a deadlock and thereafter the court will proceed to confirm the high bid as is otherwise provided by law.
“11. In the event that no bid is received by the clerk of the court within the time required by law following the filing of the report of appraisal, then in such event the court will proceed to offer the subject property for sale at public auction, the terms of which sale is to be fixed by future order of this court.
“12. The court recognizes that the present order disposes- of less than all claims which are pending in this action. However, the court also recognizes that the matters disposed of herein, as a practical matter, constitute a final judgment as to the issues determined herein. Accordingly, the court does hereby expressly direct the entry of a final judgment as to all the issues disposed of herein and does hereby expressly determine that there is no just reason for delay in the entry of a final judgment, as is provided by Rule 54(b) of the Alabama Rules of Civil Procedure.
“13. Because of the expense which will be incurred in appraising the subject property, the court does hereby stay the effect of this Order of Sale for forty-two (42) days from the date hereof. In the event any party files notice of appeal during that time, said stay shall remain in effect during the pendency of said appeal.
“DONE this 3rd day of July, 1989.
“/s/James H. Reid
“James H. Reid
“Circuit Judge”
In connection with our study and analysis of the foregoing judgment, we have carefully reviewed the evidence of record and the arguments of counsel, and we find no basis for reversal.
Of the several issues presented, only one issue is deserving of our discussion: Whether the trial court erred in its treatment of the judgments in favor of the plaintiff Miriam Ellen Hall Mazzone and against Hines Newell Hall and Mary Florence Hall resulting from the earlier litigation. The appellants contend that to allow Mazzone credit for the amount of that judgment against the interest of the judgment debtors gives Mazzone an unfair advantage, if she should be the highest bidder for the property. We find the trial court’s treatment of the judgment to be proper pursuant to Ala.Code 1975, § 35-6-23(a), and under Alabama case law.
Section 35-6-23(a) provides that if partition or sale of lands is sought, “the court may adjust the equities between and determine all claims of the several cotenants or claimants as well as the equities and claims of the encumbrancers.” In its treatment of the judgments, the court correctly recognized that only the interests of the judgment creditor, Mazzone, and of the judgment debtors, Hines Newell (“Newell”) and Mary Florence (“Mary”), would be affected. All of the appellants have urged this Court to reverse that portion of the “Order Of Sale” that allows Mazzone to use the judgments to purchase Mary’s and New-ell’s interests in the property.
We agree that Mazzone is advantaged by the trial court’s treatment of the judgments. We note, however, that this advantage was not created by the trial court, but was merely a result of the condition in which the trial court found the parties.
In the suit filed in the lower court, Maz-zone had a dual role: cotenant and judgment creditor. The trial court correctly exercised its discretion in favor of allowing Mazzone to set off against the purchase price, which she would owe Mary and New-ell, the amount of the judgments that they owed her. Courts have the inherent power to enforce judgments “and to make such orders and issue such process as may be necessary to render [the judgments] effective.” Dial v. Morgan, 515 So.2d 14, 15 (Ala. Civ. App.1987) (quoting Monroe v. Monroe, 356 So.2d 196 (Ala.Civ.App.1978)). This power to enforce judgments allows collection of the judgment out of assets *805 before the court. See Dial v. Morgan, supra.
Mazzone, Newell, and Mary were all parties to the action below, and the property that was the subject of the action was clearly an asset before the court. Therefore, it was not unreasonable for the trial court to treat the judgments as it did, giving Mazzone the opportunity to collect the monies owed to her to the extent of the interest of Mary and Newell.
Mary Lena Shirley, George Shirley, and Judy Shirley, the other appellants having an interest in the property, argue that they are being unfairly disadvantaged because the allowed set-off will place Mazzone in a better position to bid on the property. Whatever disadvantage has occurred is merely a result of the pre-existing judgment creditor/debtor relationship that existed between Mazzone and Newell and Mary. Nothing can be done to change that relationship outside of satisfaction of the judgment. The Shirleys are only indirectly affected by the “Order Of Sale,” and such an indirect effect cannot be legally altered.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.

. Hall v. Mazzone, 540 So.2d 1353 (Ala.1988); and Hall v. Mazzone, 486 So.2d 408 (Ala.1986).