HOLMES, Retired Appellate Judge.
This case involves an easement to use a road that traverses certain land located in Mobile County, Alabama.
*380 The land referred to in this case (sometimes hereinafter referred to as the Ches-tang land) was once entirely owned by Clement Chestang and his wife, Adelaide, who are now deceased. The parties involved are their lineal descendants.
On January 17, 1992, Joycelyn Patricia Chestang Burkett, Carla Ann Chestang Kominek, Larry Dale Chestang, Ronnie Elwood Chestang, Charles Leslie Chestang, and Lloyd Nelson Chestang (plaintiffs) filed a complaint, seeking a partition of the land. The complaint named Pierre Chestang; his wife, Vivian M. Chestang; and Shirley A. Chestang. We would note that the complaint named other defendants. Those defendants, however, are not germane to this appeal.
Defendants Pierre and Vivian filed an answer, admitting that the property could be equitably partitioned. However, Pierre and Vivian claimed, in part, that they owned a non-exclusive easement of ingress and egress, as an easement running with the land. Pierre and Vivian further claimed that the easement had been described in a previous partition action entitled Pierre Chestang, et al., Plaintiffs v. Russell Chestang, et al., Defendants, No. CV-85-001537-MEZ (Mobile Co. Cir. Ct., May 5,1988).
After the plaintiffs filed their complaint, Shirley A. Chestang deeded her interest in parcels 2 and 4 to Joe Chestang. The deed was recorded on February 14, 1992, and states that the property is subject to all “easements and rights of ingress and egress, both public and private.”
On April 15, 1992, Joe Chestang filed a motion to intervene, since he had acquired an interest in the property to be partitioned. The trial court granted his motion.
On July 15,1994, the trial court conducted a hearing and on February 16, 1996, it ultimately entered an order, partitioning approximately 168 acres (parcels 2 and 4) into 2 separate parcels. Joe Chestang, the interve-nor, was allocated one of the parcels, which represented a 75% ownership. The trial court further retained jurisdiction to determine Pierre and Vivian’s rights in and to the road that traversed the partitioned land.
On May 23, 1997, the trial court entered a subsequent order, which states the following, in pertinent part:
“PIERRE CHESTANG and VIVIAN M. CHESTANG are the owners of a nonexclusive easement of ingress and egress as an easement running with the land partitioned to them and described in the decree of the Circuit Court of Mobile County, Alabama, in the cause entitled ‘Pierre Chestang, et al., plaintiffs, versus Russell Chestang, et al., defendants, Civil Action No. CV-85-001537-MEZ.’ The court further FINDS that said non-exclusive easement was acknowledged, ratified, and affirmed and established as to with [width?] & use in that certain document recorded in Real Property Book 3386, Page 341, of the records in the Office of the Judge of Probate of Mobile County, Alabama, executed by Shirley A. Chestang, Carla Ann Ches-tang Kominek, Larry Dale Chestang, Ronnie Elwood Chestang, and Charles Leslie Chestang, all of whom are parties or predecessors in title to parties of record in this cause.”
On June 18, 1997, Joe Chestang, the inter-venor, filed a post-judgment motion, which the trial court denied.
Joe Chestang (hereinafter referred to as the appellant) appeals. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
Initially, we note that in cases where the trial court enters an order based on evidence received at an ore tenus hearing, its judgment is presumed correct. Moore v. Williams, 519 So.2d 1337 (Ala.1988). The judgment of the trial court will be reversed only if it appears, after consideration of the evidence and all reasonable inferences to be drawn therefrom, that the judgment is plainly and palpably wrong. Moore, 519 So.2d 1337.
The appellant first contends that the trial court’s May 23,1997, order fails to make any factual findings concerning the establishment of the easement. We disagree. In England v. Arrington, 647 So.2d 736, 738 (Ala.Civ.App.1993), this court stated the following:
*381 “Traditionally, in Alabama, easements could be created only by deed, by prescription, or by adverse use for a statutory period. Our supreme court, in Helms v. Tullis, 398 So.2d 253, 255 (Ala.1981), set out several additional means by which an easement may be acquired: ‘(1) by express conveyance, (2) reservation or exception, (3) by implication, (4) by necessity, (5) by prescription, (6) by contract, [and] (7) by reference to boundaries or maps.’ ”
(Citations omitted.)
Based on the aforementioned law, as well as the facts presented in this case, we find several plausible theories under which Pierre and Vivian could have acquired their easement.
After examining the May 23, 1997, order, however, it is clear that the trial court determined that Pierre and Vivian had acquired their easement by deed.
The record reveals that the trial court originally partitioned the Chestang land (parcels 2 and 4) in 1988 and that the trial court’s May 5, 1988, order apparently contains a description of the easement at issue. The trial court’s most recent order, dated May 23, 1997, makes reference to the original partition order.
After the land was originally partitioned, Shirley A. Chestang and others executed an instrument, assumably a right-of-way deed, acknowledging, ratifying, and affirming Pierre and Vivian’s right to use the road that traversed the land. This instrument was duly recorded. The trial court’s May 23, 1997, order also makes reference to the recorded instrument.
Shirley A. Chestang subsequently sold her interest in parcels 2 and 4 to the appellant via a quitclaim deed. This deed is part of the record and specifically states that grantee takes the land “SUBJECT TO all easements and rights of ingress and egress, both public and private.”
It is well settled that “[o]ne who purchases land subject to, or with notice of, an easement takes the estate subject to such easement.” Brown v. Alabama Power Co., 275 Ala. 467, 470, 156 So.2d 153, 155 (1963). In the instant case, it would appear from the record that the appellant does not dispute the fact that the road in question runs across the entire Chestang land and that it has been used by the Chestangs for ingress and egress for a long period of time. Instead, the appellant presumably wanted the trial court to partition the property in a fashion, which would prevent the road from meandering through his property. However, as implied by the trial court, this would be a difficult, if not impracticable, chore.
Based on the foregoing, we conclude that the appellant had notice of the easement before purchasing the land and that he has no better interests in the road that traverses the land than did his predecessor in title— Shirley A. Chestang. See Russell v. Stylecraft, Inc., 286 Ala. 633, 244 So.2d 579 (1971).
As noted previously, the trial court’s May 23, 1997, order expressly makes reference to the original partition order and to the instrument, assumingly a right-of-way deed, executed by Shirley A. Chestang and others on October 2, 1988, and recorded on February 16, 1989. As noted previously, these instruments apparently contained a legal description of the easement (road) at issue.
The appellant, however, contends that the instrument executed by Shirley A Chestang and others on October 2, 1988, and referred to by the trial court in its most recent order, was not properly interpreted, not properly notarized, and not properly signed by all the parties who had an interest in the land. The appellant, thereby, contends that the instrument cannot create an easement in favor of Pierre and Vivian. The appellant, however, is unable to cite any legal authority from this jurisdiction to support his contentions.
In any event, we are not concerned with the technicalities of the instrument dated October 2, 1988, because the only relevant factor for our consideration is that the grant- or intended to convey an easement. See Tannin, Inc. v. Haston, 690 So.2d 398 (Ala.Civ.App.1996). The intent in the ease is clear.
Furthermore, the instrument to which the appellant refers, as well as other exhibits referred to by the parties, is not before this *382 court for our review. Consequently, we must defer to the trial court’s findings.
It is well settled that when the trial court considers certain evidence in reaching its decision and that evidence is not a part of the record on appeal, then this court must presume that such evidence was sufficient to support the trial court’s findings. Wilson v. Freeman, 376 So.2d 1096 (Ala.Civ.App.1979).
The appellant finally contends that the trial court’s, May 23, 1997, order should be remanded because it does not contain a legal description of the easement. We disagree. The trial court’s May 23,1997, order expressly makes reference to specific instruments, which do contain a description of the easement. As noted previously, those instruments are not before this court for our review. We would note, however, that in their answer, Pierre and Vivian refer to the easement, in part, as being “forty (40) feet in width, the centerline of which is the center-line of existing roads which cross the lands
[[Image here]]
Based on the trial court’s references to the prior instruments containing descriptions of the easement, as well as the appellant’s familiarity with the road, we find no reason to remand this case to the trial court for further proceedings. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ„ concur.
MONROE, J., concurs in the result.